J-S46014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK S. EDWARDS | : | |
| | : | |
| Appellant | : | No. 127 EDA 2018 |

Appeal from the Judgment of Sentence August 18, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008169-2015

BEFORE:   PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED NOVEMBER 20, 2019**

Anthony Ransome[1] was a patron at a club known as "Club Cali" located on Germantown Avenue in Philadelphia on the night of June 5, 2015.  Ransome was eventually approached by a security guard, Mark Edwards, the Appellant herein, because of what Edwards found to be rude conduct exhibited by Ransome. Later in the evening, Edwards shot Ransome twice.  Ransome was taken to a local hospital; however, he died from complications from the two gunshot wounds twenty days later.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Ransome's last name is spelled either "Ransom" or "Ransome" in various documents in the record. For consistency, we will use "Ransome," as it is the spelling more frequently utilized in the record.

Edwards was subsequently arrested and charged with third degree murder,[2] voluntary manslaughter committed in the unreasonable belief that the killing was justifiable,[3] and possessing instruments of crimes.[4] On December 16, 2016, a jury found Edwards guilty of voluntary manslaughter and possessing an instrument of crime. On August 18, 2017, the court sentenced Edwards to serve an aggregate term of imprisonment of ten to twenty-five years, with credit for time served.

Trial counsel filed a post-sentence motion on August 28, 2017.[5] The motion was denied by operation of Pa.R.Crim.P. 720(b)(3)(c) on December 27, 2017. Appellate counsel filed a timely notice of appeal.

On direct appeal, Edwards contends that (1) the evidence was insufficient to sustain the jury's verdict, (2) the verdict was against the weight of the evidence, (3) the trial court erred in instructing the jury on self-defense, (4) the sentence was unduly harsh and excessive, and (5) that the trial court committed error in failing to provide a jury instruction on involuntary manslaughter. The issues challenging the trial court's jury instructions have

---

[2] 18 Pa.C.S.A. § 2502(c).

[3] 18 Pa.C.S.A. § 2503(b).

[4] 18 Pa.C.S.A. § 907.

[5] The certified record from the trial court indicates that newly retained appellate counsel also filed a post-sentence motion; however, it was not time-stamped. In any event, the Order of December 27, 2017, denied and dismissed all post-sentence motions.

not been preserved for direct appellate review. We find no merit in the remaining arguments, and therefore affirm the judgment of sentence.

The underlying facts were aptly summarized by the trial court:

> On June 5, 2015, at 12:33 a.m., while on routine patrol, 39th District Police Sergeant Matthew Palouian witnessed numerous people pouring out of Cali Club at 3718 Germantown Avenue, one of whom notified him that someone had just been shot. As the Sergeant continued to drive towards the club, he observed the victim, Anthony Ransome slumped over a vehicle and unable to move. The victim was promptly taken to Temple University Hospital in a private vehicle.
>
> Ransome had been shot during the course of an altercation with [Edwards] who was working as a security officer inside the club. [Edwards] was armed with a loaded Glock handgun. [Edwards] admonished Ransome and his friend for their treatment of one of the club's dancers. This led to a fistfight between [Edwards] and Ransome. Staff and other bouncers broke up the fight within a minute.
>
> After the first fight had concluded, Ransome walked over to [Edwards]. During testimony, [Edwards] identified himself and Ransome on the video surveillance from the club that night. The video shows [Edwards's] legs above Ransome's on a staircase, then two seconds later it shows Ransome with his arms up, having been shot, and also shows people reacting. A few seconds later, the video shows Ransome hunched over at the bottom of the steps, while [Edwards] and another man wrestle, and that man hits [Edwards] in the face. The other man held [Edwards] down, holding his gun to the floor, hitting him and trying to take the gun. Mr. Johnson, the bar manager, helped to take [the] gun from [Edwards], gave it to the security supervisor, and told him to handcuff [Edwards]. Police officers recovered two bullet shell casings inside the club. Ransome died twenty days later after surgery and other treatments failed.
>
> A post-mortem examination was conducted on the remains of the decedent by Dr. Gulino. Dr. Gulino

- 3 -

determined that the cause of death was complications from the two gunshot wounds to the chest and abdomen.

Opinion, 8-30-18, at 2-3 (transcript references omitted).

## 1. Sufficiency of the Evidence

At their essence, Edwards's first two arguments are based upon his belief that he shot Ransome in justifiable self-defense. Based upon this belief, he argues the evidence was insufficient to support either his conviction for voluntary manslaughter or his conviction for possession of an instrument of crime. When we review a challenge to the sufficiency of the evidence, we:

> must view the evidence and all reasonable inferences to be drawn from the evidence in the light most favorable to the Commonwealth as verdict winner, and we must determine if the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt. This Court may not substitute its judgment for that of the factfinder. If the record contains support for the verdict, it may not be disturbed.
>
> Moreover, a jury may believe all, some or none of a party's testimony.

***Commonwealth v. Burns***, 765 A.2d 1144, 1148 (Pa. Super. 2000) (citations omitted).

Our Supreme Court has explained:

> To prevail on a justification defense, there must be evidence that the defendant "(a) ... reasonably believed that he was in imminent danger of death or serious bodily injury and that it was necessary to use deadly force against the victim to prevent such harm; (b) that the defendant was free from fault in provoking the difficulty which culminated in the slaying; and (c) that the [defendant] did not violate any duty to retreat."

- 4 -

*Commonwealth v. Sepulveda*, 55 A.3d 1108, 1124 (Pa. 2012) (citations omitted). "[A] defendant's subjective state of mind does not establish the objective factor of the reasonableness of his belief." *Id.* at 1125.

Where there is a claim of self-defense, the Commonwealth has the burden to prove beyond a reasonable doubt that the killing was not committed in self-defense.

> In order to disprove self-defense, the Commonwealth must prove beyond a reasonable doubt one of the following elements: ... that the defendant did not reasonably believe it was necessary to kill in order to protect himself against death or serious bodily harm, or that the defendant used more force than was necessary to save himself from death, great bodily harm, or the commission of a felony .... *See* 18 Pa.C.S.A. § 505(b)(2). If the Commonwealth establishes any one of these three elements beyond a reasonable doubt, then the conviction is insulated from a defense challenge to the sufficiency of the evidence where self-protection is at issue.

*Burns*, 765 A.2d at 1149-1150 (some citations omitted).

In rejecting Edwards's contention that the Commonwealth did not disprove his self-defense claim, the trial court noted that the jury had more than sufficient evidence to conclude that his belief was not reasonable. First, the evidence proved that Edwards knew that Ransome had been searched before entering the club and was not armed. *See* N.T., 12/13/16, at 55 (Edwards testifying that he was hired "to do pat down and be I.D.ing people"). Second, the surveillance video discredited much of Edwards's testimony. *See* N.T., 12/8/16 at 120-12, 194; N.T., 12/14/16, at 28-29. In light of the fact that two other security guards and the bar manager had broken up the first

- 5 -

fight between Edwards and Ransome in less than one minute, *see* N.T., 12/8/16 at 190-192, Edwards's statements of his fear of Ransome at the outset of the second altercation was not credible. Furthermore, the video contradicted Edwards's testimony that Ransome tried to grab his firearm; rather, the video showed the jury that Edwards and Ransome stood for about two seconds on the staircase, and then almost immediately thereafter Ransome was shot. *See id*., at 194.

Accordingly, we are not persuaded that the Commonwealth presented insufficient evidence to disprove that Edwards acted in reasonable self-defense. While it is possible Edwards subjectively believed the shooting was justified in self-defense, the evidence need only support a finding that Edwards's belief was unreasonable in order to sustain the conviction. The trial court accurately relates the reasonable inferences from the evidence that support the jury's verdict:

> Where [Edwards] knows himself to be armed, and knows the club searches all patrons to prevent them from bringing weapons inside, where other guards and employees broke up a previous fight in less than a minute, and where [Edwards] fired his weapon within seconds of Ransome's approach, [Edwards's] belief that he needed to use deadly force to protect himself was not reasonable.

Opinion, 8-30-18, at 5-6. Viewing the evidence in the light most favorable to the Commonwealth, both direct and circumstantial, we hold there was sufficient evidence to prove beyond a reasonable doubt that Edwards was not acting in reasonable self-defense.

In a related argument, Edwards asserts the evidence was insufficient to sustain his conviction for possessing an instrument of crime. To sustain a conviction for possessing an instrument of crime, the Commonwealth must prove that the defendant possessed an "instrument of crime with the intent to employ it criminally." 18 Pa.C.S.A. § 907(a). Using the same argument utilized in his challenge to his conviction for voluntary manslaughter, Edwards contends the evidence is insufficient to establish he used his gun with the intent to employ it criminally.

For the same reasons we rejected Edwards's challenge to his voluntary manslaughter conviction, we reject his challenge to the sufficiency of the evidence to establish he intended to use his gun criminally. The evidence was sufficient to allow the jury to find that Edwards's subjective belief that he needed to use deadly force to defend himself was objectively unreasonable.

## 2. Weight of the Evidence

Edwards next claims that his convictions for voluntary manslaughter and possessing an instrument of crime were against the weight of the evidence.

> A true weight of the evidence challenge 'concedes that sufficient evidence exists to sustain the verdict' but contends that the verdict was against the weight of the evidence." An appellate court may review the trial court's decision to determine whether there was an abuse of discretion, but it may not substitute its judgment for that of the lower court. Credibility issues are decided by the jury and appellate courts rarely overturn jury factual findings that are based on credibility determinations. Indeed, an appellate court should not entertain challenges to the weight of the evidence since our examination is confined to the "cold record." Our Court

- 7 -

> may not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice. Thus, we are confined to review if the trial court abused its discretion.

**Burns**, 765 A.2d at 1149-50 (Pa. Super. 2000) (citations omitted). It is well settled that a jury is free to believe all, part or none of the evidence presented and to evaluate the credibility of the witnesses. **See Commonwealth v. Ellison**, 213 A.3d 312, 319 (Pa. Super. 2019).

Edwards's assertion that the "dispositive video surveillance" supported his self-defense theory contradicts the jury's role in assessing the evidence and the function of the trial court in evaluating the weight issue. His suggestion that this Court ignore the trial court's decision and displace the jury's findings with our own interpretation of the video is misplaced. The jury was free to conclude that Edwards's asserted belief, that killing the victim was justifiable self-defense, was not objectively reasonable. The trial court specifically found that "the testimony of the witnesses combined with the video surveillance reliably demonstrated (Edwards's) guilt." Opinion, 8-30-18, at 7. We find no error, and determine that the trial court properly denied Appellant's weight claim.

### 3. Claim of Excessive Sentence

Next, Edwards claims the court abused its discretion by imposing an excessive sentence. "A challenge to the discretionary aspects of sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. Lamonda**,

52 A.3d 365, 371 (Pa. Super. 2012) (*en banc*) (citation omitted). Thus, before we may consider the merits of Edwards's sentencing issue, he "must invoke this Court's jurisdiction by satisfying a four-part test." ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010). The test is:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted). "Only if the appeal satisfies these requirements may we proceed to decide the substantive merits of Appellant's claim." ***Commonwealth v. Luketic***, 162 A.3d 1149, 1159-60 (Pa.Super. 2017).

Herein, Edwards timely filed an appeal with this Court. Prior to the appeal, as stated above, there were two post-sentence motions filed. The one filed by trial counsel did not raise any issue regarding sentencing. That motion was time-stamped by the Office of Judicial Records on August 28, 2017. The

other post-sentence motion was filed by appellate counsel but is not time-stamped. In relation to sentencing issues, it states:

> <u>PETITIONER APPEALS THE DISCRETIONARY ASPECT OF SENTENCING</u>
>
> 10. This Honorable Court purported to sentence within the sentencing guidelines but applied the guidelines erroneously; sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable or sentenced outside the sentencing guidelines and the sentencing is unreasonable.

In his Statement of Matters Complained Of On Appeal, filed pursuant to Pa.R.A.P. 1925(b) on February 28, 2018, Edwards states, in paragraph 3: "The Court abused its discretion in sentencing the appellant to an unduly harsh and excessive sentence by failing to consider Appellant's mental health issues."

There is no concise statement of reasons relied upon for the allowance of appeal, pursuant to Pa.R.A.P. 2119(f), in the Appellant's Brief. However, the Commonwealth has not objected to this absence. We therefore will not find that Edwards has waived this claim. ***See Commonwealth v. Antidormi***, 84 A.3d 736, 759 (Pa. Super. 2014).

The existence of a substantial question must be determined on a case-by-case basis. ***See Commonwealth v. Cruz-Centeno***, 447 Pa.Super. 98, 668 A.2d 536, 545 (1995). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie

- 10 -

the sentencing process." ***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa.Super. 2012) (citations and internal quotation marks omitted).

In the absence of a Rule 2119(f) Statement, we have reviewed Edwards's brief and find on page 31 that he basically argues that the trial court failed to recognize mitigating factors, such as his mental health issues, in fashioning an appropriate sentence. We conclude that Edwards has presented a substantial question, and we will address the merits of his contention. ***See Commonwealth v. Caldwell***, 117 A.3d 763, 769-70 (Pa.Super. 2015) (*en banc*) (excessive sentence claim in conjunction with an assertion that the court failed to consider mitigating factors raises a substantial question). On the merits, however, applying our deferential standard of review, we find no abuse of discretion.

Our standard of review concerning challenges to the discretionary aspects of one's sentence provides that:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Hyland***, 875 A.2d 1175, 1184 (Pa. Super. 2005) (citation omitted).

In this case, prior to imposing its sentence on August 18, 2017, the trial court made sure that the Appellant and his counsel had reviewed the entire presentence investigation report (PSI). *See* N.T., 8/18/17, at 6-8. In Edwards's presence, his attorney informed the trial court that he had no corrections to the PSI. *See id*. at 8-9. The trial court heard from members of Edwards's family including his stepfather, Kevin Carter, his brother, Justin Dixon, and his mother, Sabrina Carter. *See id*., at 11-17.

The Commonwealth moved into the record C-1, which included Edwards's most recent mental health evaluation. *See id*., at 18. Edwards exercised his opportunity for allocution. *See id*., at 25-26. The trial court then stated its reasons for imposing it sentence on the record, including provisions for mental health treatment. *See id*., at 26-30.

At sentencing and in its Opinion filed on August 30, 2018, the trial court stated that it had taken into account the guidelines but found an aggravating factor in a video taken of Edwards at the Homicide Unit, which demonstrated that he was going to try to fake a more serious mental health condition to avoid prison. *See* Trial Court Opinion, 8/30/18 at 8; N.T., 8/18/17 at 26-27, 29.

Despite Edwards's assertions, we conclude that the trial court reviewed the PSI and set forth proper reasons for sentencing Edwards in the aggravated range. Given our deferential standard of review when considering a challenge to the discretionary aspects of sentencing, it would be inappropriate for us to

second-guess the trial court's weighing of the appropriate factors, for we cannot substitute our view of aggravating and mitigating factors with those of the trial court, nor may we reweigh those mitigating factors which Appellant thinks the sentencing judge overlooked. *See Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa.Super. 2005). Accordingly, Edwards has not persuaded us that an abuse of discretion occurred.

### 4. Self-Defense and Involuntary Manslaughter Instructions

Edwards contends the trial court gave a confusing instruction on self-defense by not making sure the jury understood that it applied to third degree murder *and* voluntary manslaughter. Specifically, Edwards argues the court neglected to mention voluntary manslaughter after the self-defense instruction. Edwards concludes this Court should vacate the judgment of sentence and order a new trial. Edwards also argues that the trial court committed reversible error by not instructing the jury on involuntary manslaughter. We find neither issue has not been preserved for review on direct appeal.

Our rules of appellate procedure provide that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). To preserve a challenge to the adequacy or omission of a particular jury instruction, the defendant must make a specific and timely objection to the instruction at trial before the jury deliberates. *See Commonwealth v. Smith*, 206 A.3d 551, 564 (Pa. Super. 2019); *see also*

Pa.R.A.P. 302(b) ("A general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of."); Pa.R.Crim.P. 647(C) ("No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate."). A specific and timely objection must be made to preserve a challenge to a particular jury instruction; failure to do so results in waiver. *See Commonwealth v. Forbes*, 867 A.2d 1268, 1274 (Pa.Super.2005).

Generally, a defendant waives subsequent challenges to the propriety of the jury charge on appeal if he responds in the negative when the court asks whether additions or corrections to a jury charge are necessary. *See Commonwealth v. Moury*, 992 A.2d 162, 178 (Pa. Super. 2010); *see also Commonwealth v. Smallhoover*, 567 A.2d 1055, 1059 (1989) (holding claim of erroneous charge waived where appellant responded negatively when "the court inquired whether counsel had any additions or corrections to the charge").

Here, there was no objection or correction made to the jury charge. *See* N.T., 12/14/16, at 34. Further, the defense responded in the negative when the trial court asked if either side wished to address the court after the jury charge. *See id*.

Moreover, this issue regarding the self-defense instruction was not included in either of the post-sentence motions filed on Edwards's behalf.[6] After review of the foregoing, we conclude that Edwards waived this issue. Trial counsel had an opportunity to raise his objection before the jury deliberated but he did not. Accordingly, Edwards's challenge to the jury instruction is waived. *See Moury*, 992 A.2d at 178.

Edwards also argues the trial court erred by not instructing the jury on involuntary manslaughter. Initially, we note that this was not raised at the time of trial, and, as mentioned previously, Edwards did not object after the trial court concluded its instructions. Secondly, this issue was not included in the Rule 1925(b) Statement.

"In order to preserve an issue for review, a party must make a timely and specific objection." *Commonwealth v. Duffy*, 832 A.2d 1132, 1136 (Pa. Super. 2003). Additionally, "an appellant's failure to include an issue in a 1925(b) statement generally precludes us from reviewing that issue on appeal." *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998); *see also Commonwealth v. Butler*, 812 A.2d 631 (Pa. 2002).

Therefore, we find these last two issues raised by Edwards to have been waived for purposes of direct appellate review.

---

[6] Including an issue in a Statement of Matters Complained of, filed under Pa.R.A.P. 1925, does not resurrect an issued waived in earlier proceedings. *See Commonwealth v. Williams*, 900 A.2d 906, 909 (Pa. Super. 2006).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/19