J-A24033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH WESLEY | : | |
| | : | |
| Appellant | : | No. 3084 EDA 2018 |

Appeal from the Judgment of Sentence Entered September 18, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0001606-2017

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED DECEMBER 12, 2019**

Appellant, Joseph Wesley, appeals from the judgment of sentence imposed for his convictions, following a stipulated bench trial, of illegal sale or transfer of firearms, conspiracy to commit the illegal sale or transfer of firearms, possession with intent to deliver a controlled substance (PWID), and possession of a controlled substance.[1]  We affirm.

The trial court summarized the factual background of this case as follows:

> On April 14, 2016, authorities met with a then confidential informant named Danielle Miller who informed them that [Appellant] had contacted her through text messages with respect to assault rifles he wished to sell.  On April 15, 2016, authorities utilized Ms. Miller to effectuate a controlled purchase of these rifles

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6111(c), 903(a), 35 P.S. § 780-113(a)(30) and (16), respectively.

and supplied Ms. Miller with $3,500 in prerecorded buy money and a recording device. Authorities also set up video surveillance near Ms. Miller and [Appellant's] designated meeting spot at Holland Avenue in Ardmore, Pa. At the initial stages of the transaction, [Appellant] had an interaction with an individual later identified to be Jasper Oliver. [Appellant] asked Mr. Oliver where the guns were and he responded that they were inside the residence [on] Holland Avenue. [Appellant] subsequently entered this residence with Ms. Miller and completed the transaction. Following the transaction, authorities confirmed the weapons Ms. Miller had purchased from [Appellant] were two assault rifles.

On June 14, 2016, Danielle Miller informed authorities that she had received a text message from [Appellant] containing a picture of a semi-automatic rifle. The authorities instructed her to ask [Appellant] how much the gun would cost and he replied $2,500. On June 15, 2016, Ms. Miller met with [Appellant] to discuss the purchase of the rifle. On June 20, 2016, Ms. Miller received another text message offering the semi-automatic rifle for sale and a nine millimeter semi-automatic pistol for $2,700 total. Ms. Miller met with [Appellant] later that day and he discussed the purchase of the guns in addition to a half ounce of cocaine. On June 28, 2016, [Appellant] again contacted Ms. Miller via text message and offered to sell her the previously referenced guns. One of the text messages contained a picture of the nine millimeter semiautomatic pistol. The message itself emanated from the number 215-680-7461, which was later revealed to belong to Jasper Oliver. Later that day, authorities utilized Ms. Miller to effectuate a controlled purchase of these items and supplied her with $3,300 in prerecorded buy money and a recording device. The authorities also set up surveillance near Ms. Miller and [Appellant's] designated meeting spot. Following the transaction, authorities confirmed [Appellant] had sold Ms. Miller a semi-automatic rifle, a Highpoint 9 millimeter semi-automatic pistol, and one clear bag containing two clear bags of cocaine.

Trial Court Opinion at 1-2.

A criminal complaint was filed on October 13, 2016, and Appellant was arrested in January 2017. On June 13, 2018, Appellant proceeded to a stipulated bench trial based on the facts set forth in the affidavit of probable cause accompanying the criminal complaint and the laboratory report showing

that the substance sold to Ms. Miller on June 15, 2016 was cocaine. On June 15, 2018, the trial court announced its verdict finding Appellant guilty of four counts of illegal sale or transfer of firearms, three counts of conspiracy to commit the illegal sale or transfer of firearms, and one count each of PWID and possession of a controlled substance.[2] N.T., 6/15/18, at 4-6; Order, 6/15/18. At the September 18, 2018 sentencing hearing, the Commonwealth *nolle prossed* three of the illegal sale or transfer of firearms counts and two of the conspiracy counts of which he was convicted; the *nolle prossed* counts pertained to Appellant's sale of rifles to Miller, and therefore the remaining illegal sale or transfer of firearms and conspiracy convictions related solely to the semi-automatic pistol Appellant sold to Ms. Miller on June 28, 2016.[3] N.T., 9/18/18, at 4-5, 16; Sentencing Order, 9/18/18. The trial court imposed an aggregate sentence of 51 to 102 months of confinement followed by four years

---

[2] Appellant was found not guilty of four counts of persons not to possess, use, manufacture, control, sell, or transfer firearms, 18, Pa.C.S. § 6105(a)(1), seven counts of conspiracy, two counts of possession of a firearm with altered manufacturer's number, 18 Pa.C.S. § 6110.2(a), one count of use or possession of drug paraphernalia, 35 P.S. § 780-113(a)(32), and four counts of criminal use of a communications facility, 18 Pa.C.S. § 7512(a).

[3] Though not reflected in the record, the trial court explained in its Pa.R.A.P. 1925(a) opinion that the Commonwealth *nolle prossed* the convictions relating to Appellant's sale of rifles to Ms. Miller because the length of the rifles at issue excluded them from the illegal sale or transfer of firearms statute. Trial Court Opinion at 3; *see* 18 Pa.C.S. § 6111(f)(2).

of probation. N.T., 9/18/18, at 30; Sentencing Order, 9/18/18. Appellant filed a timely appeal of the judgment of sentence.[4]

On appeal, Appellant raises the following issue:

Whether the evidence was insufficient to sustain a conviction of conspiracy to commit the crime of Firearm Ownership–Duty of Other Persons, 18 Pa.C.S. [§] 903[,] inasmuch as there was insufficient evidence that [Appellant] agreed with another person to commit the crime.

Appellant's Brief at 4.

Before reaching the merits of this issue, we must address the Commonwealth's argument that Appellant's appellate issue was waived because he did not identify the specific elements that he was challenging in his concise statement of errors filed pursuant to Rule of Appellate Procedure 1925(b). This Court has held that "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's [Rule] 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." **Commonwealth v. Ellison**, 213 A.3d 312, 320–21 (Pa. Super. 2019) (quoting **Commonwealth v. Stiles**, 143 A.3d 968, 982 (Pa. Super. 2016)); **see also** Pa.R.A.P. 1925(b)(4)(ii) ("The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge."). In addition, this Court has noted that the

---

[4] Appellant filed his concise statement of errors complained of on appeal on November 9, 2018, and the trial court filed its Pa.R.A.P. 1925(a) opinion on November 14, 2019.

fact that the trial court addressed the issue in a Rule 1925(a) opinion is "of no moment to our analysis because we apply [Rule] 1925(b) in a predictable, uniform fashion, not in a selective manner dependent on . . . a trial court's choice to address an unpreserved claim." ***Commonwealth v. Tyack***, 128 A.3d 254, 261 (Pa. Super. 2015) (quoting ***Commonwealth v. Williams****,* 959 A.2d 1252, 1257 (Pa. Super. 2008)).

However, in ***Commonwealth v. Laboy***, 936 A.2d 1058 (Pa. 2007) (*per curiam*), our Supreme Court explained that waiver is not always required in cases where the appellant presents broad sufficiency of the evidence claims in a Rule 1925(b) statement. In that case, the appellant was charged with several drug trafficking offenses related to allegations that he acted as a lookout and money handler in connection with drug sales, and he asserted in his Rule 1925(b) statement only that the "[e]vidence [as to his convictions] was insufficient." ***Id.*** at 1058. Though the trial court addressed the arguments in its Rule 1925(a) opinion, this Court concluded that the claims were waived based on an insufficiently specific Rule 1925(b) statement. ***Id.*** at 1058-59. The Supreme Court disagreed, stating that

> [i]n the present, relatively straightforward drug case, the evidentiary presentation spans a mere thirty pages of transcript. It may be possible in more complex criminal matters that the common pleas court may require a more detailed statement to address the basis for a sufficiency challenge. Here, however, the common pleas court readily apprehended [the a]ppellant's claim and addressed it in substantial detail.

***Id.*** at 1060. The Court therefore reversed this Court's decision and remanded for a review of the sufficiency of the evidence claim. ***Id.***; ***see also***

*Commonwealth v. Smyser*, 195 A.3d 912, 916 (Pa. Super. 2018) (declining to find waiver for boilerplate Rule 1925(b) statement of sufficiency challenges pursuant to *Laboy* where issue pertaining to convictions was "a question of law that the trial court readily apprehended").

Presently, Appellant's Rule 1925(b) statement contained the following issue: "[t]he evidence was insufficient to convict [Appellant] for conspiracy to commit the crime of Firearm Ownership–Duty of Other Persons, Count XIII of the Criminal Information." Rule 1925(b) Statement, 11/9/18. The trial court did not find waiver based on the Rule 1925(b) statement and addressed Appellant's challenge to the sufficiency of his conspiracy conviction, focusing its analysis on whether Appellant entered into a conspiratorial agreement with Oliver, the issue Appellant raises in his appellate brief. *See* Trial Court Opinion at 3-8. We further observe that, as in *Laboy*, the factual history of this case involved a straightforward sale of firearms and cocaine to a confidential informant, and the stipulated evidentiary record is confined to the affidavit of probable cause and a lab report. Therefore, we decline to find that Appellant waived his sufficiency of the evidence challenge. *See Laboy*, 936 A.2d at 1060.

Turning to the merits of this appeal,

[w]hen reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the

province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence.  The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence.  As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

***Commonwealth v. Hill***, 210 A.3d 1104, 1112 (Pa. Super. 2019) (citations, quotation marks, and brackets omitted).

Section 903 of the Crimes Code provides as follows:

**(a) Definition of conspiracy.--**A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

. . .

**(e) Overt act.--**No person may be convicted of conspiracy to commit a crime unless an overt act in pursuance of such conspiracy is alleged and proved to have been done by him or by a person with whom he conspired.

18 Pa.C.S. § 903(a), (e).

To sustain a conviction for criminal conspiracy, "the Commonwealth must establish that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and, (3) an overt act was done in furtherance of the conspiracy."  ***Commonwealth v. Fisher***, 80 A.3d 1186, 1190 (Pa. 2013) (citation omitted).

- 7 -

[T]he essence of a criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal objective be accomplished. Therefore, a conviction for conspiracy requires proof of the existence of a shared criminal intent. An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities. Thus, a conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation. The conduct of the parties and the circumstances surrounding their conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt.

*Commonwealth v. Johnson*, 180 A.3d 474, 479 (Pa. Super. 2018) (citation omitted).

Appellant concedes that "[t]here is no question that [he] was guilty of" the underlying illegal sale or transfer of firearms offense when he sold a handgun to Danielle Miller on June 28, 2016.[5] Appellant's Brief at 12. Appellant argues, however, that the evidence failed to establish beyond a reasonable doubt that he entered into an agreement with Jasper Oliver to sell the semi-automatic pistol to Miller because Oliver was not present when the sale was consummated and there was no evidence that Oliver owned the

_____

[5] Pursuant to Section 6111(c) of the Crimes Code:

Any person who is not a licensed importer, manufacturer or dealer and who desires to sell or transfer a firearm to another unlicensed person shall do so only upon the place of business of a licensed importer, manufacturer, dealer or county sheriff's office, the latter of whom shall follow the procedure set forth in this section as if he were the seller of the firearm.

18 Pa.C.S. § 6111(c).

pistol, received proceeds from the sale, or was even aware of the sale of the pistol to Miller.

According to the affidavit of probable cause attached to the criminal complaint – which Appellant stipulated to at his non-jury trial – Appellant's first sale of firearms to Miller occurred at Oliver's residence in Ardmore, Pennsylvania on April 15, 2016. Affidavit of Probable Cause, 10/13/16, at 1-4, 14, 16. As Miller and Appellant were approaching the residence to consummate the sale, Appellant asked Oliver, who was standing by the entrance, where the guns were, and Oliver responded that they were on the couch inside the house. *Id.* at 4, 16. Furthermore, on June 28, 2016 as Appellant and Miller were negotiating via text message the sale of the semi-automatic pistol that forms the basis of the conviction challenged here, Appellant forwarded Miller an image of the pistol that had been sent to Appellant from the phone number 215-680-7431. *Id.* at 8. When Oliver was later arrested on an unrelated charge, Oliver identified 215-680-7431 as his phone number, which the authorities confirmed through a public records search. *Id.* at 14-15.

Viewed in the light most favorable to the Commonwealth as verdict winner, this evidence was sufficient to establish beyond a reasonable doubt that Appellant entered into a conspiratorial agreement with Oliver to sell the semi-automatic pistol to Miller. *See Hill*, 210 A.3d at 1112. The evidence demonstrates that Appellant and Oliver had direct communication regarding the underlying unlawful sale of the pistol when Oliver sent the photograph of

the pistol to Appellant that Appellant then forwarded to Miller. This communication regarding the pistol, particularly in light of the fact that the prior sale of firearms to Miller occurred in Oliver's home with Oliver present, allowed for the trial court as fact-finder to reasonably infer that Appellant and Oliver cooperated in the sale of the pistol with a shared criminal intent. While, as Appellant maintains, Oliver was not present at the June 28, 2016 transaction and no evidence was presented that he profited from the sale of the pistol, proof of an explicit or formal criminal agreement is not required and instead the fact-finder may infer the existence of the agreement from the attendant circumstances. *See Johnson*, 180 A.3d at 479. Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/19

- 10 -