OPINION BY MURRAY, J.:
Kevin C. Ellison (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of three counts each of criminal use of a communication facility and delivery of a controlled substance.[1] We affirm.
Appellant's convictions arose from three separate incidents in January and February of 2017. During each incident, Appellant sold crack cocaine to a confidential informant (CI). On June 1, 2017, the Commonwealth filed a criminal complaint against Appellant.
On April 16, 2018, Appellant filed a motion to compel discovery, in which he requested that the Commonwealth disclose the CI's identity. The Commonwealth filed an answer to Appellant's motion on April 18, 2018, and the trial court held a hearing on May 15, 2018. That same day, the trial court denied Appellant's motion.
On May 24, 2018, Appellant's case proceeded to trial. The trial court summarized the evidence presented as follows:
At trial, the Commonwealth relied on Agent Shannon Swope in its case in chief.... Agent Shannon Swope was the lead investigator in controlled purchases of crack cocaine made between the Appellant and a [CI].
On January 20, 2017, the first controlled purchase was conducted between the Appellant and the [CI]. In arranging the controlled purchase, Agent Swope was present when the [CI] placed a call to the phone number (717)-510-4215. The [CI] texted the same number when no one picked up the phone. Eventually, the [CI] receives a call from the same number and places the phone on speaker so Agent Swope may hear. During that conversation, a controlled buy for crack cocaine is arranged. The plan was that the Appellant and [CI] would meet at the Giant Food Store parking lot in Middletown, and the [CI] would purchase fifty ($ 50) dollars' worth of crack cocaine. Before the [CI] was permitted to meet the Appellant, the [CI] and the [CI]'s vehicle were thoroughly searched, which resulted in nothing being found. Additionally, the [CI] was given fifty ($ 50) of prerecorded money. Agent Swope follows the [CI] to the Giant Parking Lot, where other agents were stationed. The [CI] is only in the parking lot for 14-15 minutes before leaving. The [CI] meets with Agent Swope in a prearranged location, giving her a corner tie bag with crack cocaine that was provided by the Appellant.
The next controlled sale between the Appellant and [CI] is conducted on January 31, 2017. Again, the [CI] texts the same number to arrange a buy. Immediately after, the [CI] receives a text and a phone call, to which Agent Swope is able *315 to listen to. This time, the plan is to purchase $ 100 worth of crack cocaine at the Giant Food Store in Middletown. Again, a thorough search of the [CI] and the [CI]'s car is conducted. The [CI] is again provided with $ 100 in prerecorded money. Agents Swope and Jenkins follow the [CI] to the Giant Food Store in Middletown and back. The [CI] is there for only 5-6 minutes and returns again with a corner tie bag with crack cocaine inside.
The final meeting between the Appellant and [CI] is arranged on February 23, 2017. The [CI] receives a phone call from the same number, and arranges to meet again at the Giant Food Store in Middletown for a fifty ($ 50) dollar purchase of crack cocaine. Again, before meeting the Appellant, the [CI] and [CI]'s car are searched. This time the [CI] is in the parking lot for approximately ten (10) minutes. During this interaction, Agent Swope is able to obtain a video recording of the Appellant and [CI] in the Appellant's vehicle, using a device that was placed on the [CI] for all three controlled purchases. Again, after leaving the [CI] returns with a corner tie baggie containing crack cocaine.
As a result of the three controlled substance purchases, the Appellant [was] arrested June 6, 2017.
Trial Court Opinion, 12/31/18, at 1-3 (citations to notes of testimony omitted).
On May 24, 2018, the jury convicted Appellant of the above crimes. The trial court sentenced Appellant on August 21, 2018 to an aggregate 3 to 6 years of imprisonment, followed by 6 years of probation.
Appellant filed a timely post-sentence motion, which the trial court denied on September 13, 2018. Thereafter, Appellant filed this timely appeal. Both the trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.
Appellant presents the following two issues for our review:
I. DID NOT THE COURT ERR IN DENYING THE MOTION TO COMPEL THE CONFIDENTIAL INFORMANT'S IDENTITY, WHERE SAID DISCLOSURE WAS MATERIAL TO [APPELLANT]'S DEFENSE, REASONABLE, AND IN THE INTERESTS OF JUSTICE, AND THE COMMONWEALTH DID NOT ESTABLISH THAT PRODUCTION OF THE CONFIDENTIAL INFORMANT[']S IDENTITY WOULD JEOPARDIZE HER SAFETY?
II. WAS NOT THE EVIDENCE INSUFFICIENT TO SUSTAIN THREE CONVICTIONS FOR DELIVERING A CONTROLLED SUBSTANCE AND RELATED OFFENSES WHEN THE POLICE'S ORCHESTRATION OF IMPERFECT CONTROLLED-BUY SCENARIOS, IPSO FACTO, DOES NOT CONSTITUTE SUFFICIENT PROOF OF THE DELIVERIES?
Appellant's Brief at 5 (underlining omitted).
Appellant first claims that the trial court erred in denying his motion to compel the Commonwealth to reveal the CI's identity. "Our standard of review of claims that a trial court erred in its disposition of a request for disclosure of an informant's identity is confined to abuse of discretion." Commonwealth v. Washington , 63 A.3d 797, 801 (Pa. Super. 2013).
In his motion, Appellant stated, "[i]nitial discovery does not include the identity of the [CI]," and further averred that "[a] criminal defendant is entitled to know the identity of a confidential informant when the confidential informant is the only eyewitness to the entire transaction." Appellant's *316 Motion to Compel Discovery, 4/16/18, at 1. In both his motion and appellate brief, Appellant cites our Supreme Court's decision in Commonwealth v. Roebuck , 545 Pa. 471, 681 A.2d 1279 (1996) to support his claim. See id. at 2; see also Appellant's Brief at 12.
Appellant incorrectly interprets Roebuck and improperly asserts that "[a] criminal defendant is entitled to know the identity of a confidential informant when the confidential informant is the only eyewitness to the entire transaction." Appellant's Motion to Compel Discovery, 4/16/18, at 1. In Roebuck , the Supreme Court stated that "the fact that the only eyewitness to the entire transaction other than the confidential informant was a police officer militates in favor of disclosure." Roebuck , 681 A.2d at 1284 (citation omitted). However, this statement may not be read in isolation. The Supreme Court recognized that the trial court must consider various factors in "exercis[ing] its discretion to determine whether the information is to be revealed ... [o]nly after a showing by the defendant that the information sought is material and the request reasonable." Id. at 1283 (citations omitted) (emphasis added). We have explained:
If materiality and reasonableness are proven, then the courts must balance the public interest in the police's ability to obtain information against the defendant's right to prepare his defense. In this connection, we consider the crime, the potential defense, and the significance of the [confidential informant's] testimony. The scales tip in favor of disclosure if the Commonwealth will be relying on police testimony based on a single observation. If other proof corroborates a police officer's testimony, disclosure is not mandated. Furthermore, the safety of the confidential informant can be a controlling factor in determining whether to reveal a source's identity.
Commonwealth v. Jordan , 125 A.3d 55, 63 (Pa. Super. 2015) (en banc ).
It is of further significance that:
Under Pennsylvania Rule of Criminal Procedure 573, a trial court has the discretion to require the Commonwealth to reveal the names and addresses of all eyewitnesses, including confidential informants, where a defendant makes a showing of material need and reasonableness:
(a) In all court cases, except as otherwise provided in Rule 230 (Disclosure of Testimony Before Investigating Grand Jury), if the defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:
(i) the names and addresses of eyewitnesses....
Pa.R.Crim.P. 573(B)(2)(a)(i).
The Commonwealth enjoys a qualified privilege to withhold the identity of a confidential source. Commonwealth v. Bing , [551 Pa. 659] 713 A.2d 56 ( [Pa.] 1998) ; Commonwealth v. Roebuck , [545 Pa. 471] 681 A.2d 1279, 1283 n.6 ( [Pa.] 1996). In order to overcome this qualified privilege and obtain disclosure of a confidential informant's identity, a defendant must first establish, pursuant to Rule 573(B)(2)(a)(i), that the information sought is material to the preparation of the defense and that the request is reasonable. Roebuck , supra at 1283. Only after the defendant shows that the identity of the confidential informant is material to the defense is the trial court required to exercise its discretion to determine whether the information should *317 be revealed by balancing relevant factors, which are initially weighted toward the Commonwealth. Bing , supra at 58 ; Commonwealth v. Herron , [475 Pa. 461] 380 A.2d 1228 ( [Pa.] 1977).
In striking the proper balance, the court must consider the following principles:
A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations, the trial court may require disclosure and, if the Government withholds the information, dismiss the action.
[N]o fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.
Commonwealth v. Carter , [427 Pa. 53] 233 A.2d 284, 287 ( [Pa.] 1967) (quoting Roviaro v. United States , [353 U.S. 53] 77 S.Ct. 623 [1 L.Ed.2d 639] (1957) ).
Commonwealth v. Marsh , [606 Pa. 254] 997 A.2d 317 [318], 321-322 ( [Pa.] 2010).
Commonwealth v. Koonce , 190 A.3d 1204, 1208-09 (Pa. Super. 2018) (citing Commonwealth v. Watson , 69 A.3d 605, 607-08 (Pa. Super. 2013) ).
"Our case law provides that if a defendant shows that disclosure of an informant's identity would yield information material to his or her defense, and that the request for disclosure is reasonable, the trial court must then balance relevant factors to determine, in its discretion, whether the informant's identity should be revealed." Marsh , 997 A.2d at 321 (citations omitted). However:
Before the informant's identity may be revealed, ... the accused must show the information is material to the defense and the request is reasonable. The defendant need not predict exactly what the informant will say, but he must demonstrate a reasonable possibility the informant could give evidence that would exonerate him. More than a mere assertion that disclosure of the informant's identity might be helpful is necessary. Only after this threshold showing that the information is material and the request reasonable is the trial court called upon to determine whether the information is to be revealed.
Commonwealth v. Belenky , 777 A.2d 483, 488 (Pa. Super. 2001) (citations omitted). To prove the information is material, "[t]he defendant must lay an evidentiary basis or foundation that the confidential informant possesses relevant information that will materially aid the defendant in presenting his or her defense and that the information is not obtainable from another source." Commonwealth v. Hritz , 444 Pa.Super. 264, 663 A.2d 775, 780 (1995).
In its answer to Appellant's motion, the Commonwealth argued that the trial court should deny Appellant's request for disclosure because Appellant "has not demonstrated how the identity of the confidential informant would assist in his defense, in any way." Commonwealth Answer, 4/18/18, at 3. Upon review, we agree.
Appellant failed to make the threshold showing that the identity of the *318 CI was material to the preparation of his defense. Neither in his motion to compel, nor at argument before the trial court on May 15, 2018, did Appellant explain how the CI possessed relevant information that would have been material in aiding Appellant in presenting his defense; also, Appellant never expressed that the information he sought was not obtainable from another source. See Appellant's Motion to Compel Discovery, 4/16/18; N.T., 5/15/18, at 1-6. Instead, Appellant generally asserted that the CI's identity should be disclosed because the CI was the only eyewitness to all three transactions. Appellant's Motion to Compel Discovery, 4/16/18, at 2 ("The alleged transactions were not eye-witnessed by any police officer. The alleged transactions were only said to have been witnessed by a confidential information."); N.T., 5/15/18, at 3 ("[T]he fact[ that] the only eyewitness to the entire transaction, other than the [CI], was a police officer weighs in favor of disclosure. And I would submit to the [c]ourt that in this situation we have exactly that. Only a confidential informant inside a vehicle, allegedly with [Appellant], for an alleged drug transaction.").
Appellant is correct that - as is often the case - the CI was the only eyewitness to the entirety of each transaction. However, multiple agents from the Pennsylvania Attorney General's Office, including the three that testified at Appellant's trial, witnessed Appellant and the CI on the three occasions leading up to and immediately after the transactions. The agents observed Appellant from a close range during daylight hours. Additionally, there was a video recording taken from the CI and played for the jury which showed the third transaction.
Again, Appellant has failed to explain - before both the trial court and in his brief to this Court - how or why the revelation of the CI's identity would be material in preparing his defense. Instead, Appellant simply contends that the Commonwealth's lack of eyewitness testimony to every minute of the three transactions mandated disclosure of the CI's identity. This "mere assertion" does not constitute an "actual evidentiary showing." Marsh , 997 A.2d at 322 ; see also Commonwealth v. Herron , 475 Pa. 461, 380 A.2d 1228, 1230 (Pa. 1977) ("Before disclosure of an inform[ant's] identity is required in the face of the Commonwealth's assertion of privilege, more is necessary than a mere assertion by the defendant that such disclosure might be helpful in establishing a particular defense.").
Accordingly, because Appellant failed to demonstrate that the CI's identity was material to his defense, "the trial court had no duty to balance the competing interests to determine if disclosure was required." Belenky , 777 A.2d at 489. Appellant's first issue lacks merit.
In his second issue, Appellant claims that the Commonwealth presented insufficient evidence at trial for the jury to convict him of criminal use of a communication facility and delivery of a controlled substance.
The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so *319 weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.
Commonwealth v. Roberts , 133 A.3d 759, 767 (Pa. Super. 2016).
Appellant argues that "there was no direct evidence proving that [Appellant] delivered illegal drugs to the [CI] and that he took the 'buy money' from the [CI]." Appellant's Brief at 25. He further maintains that "[t]he Commonwealth's proof was based solely on circumstantial evidence in the guise of the so-called 'controlled buy' supervised by the police witnesses." Id. Appellant avers that because it must be inferred that Appellant gave the CI "a small quantity of crack cocaine and that he took from the [CI] the serialized buy money," that "the presentation of the imperfect controlled-buy scenario did not establish the necessary inferred facts beyond a reasonable doubt." Id. at 28-29.
The jury convicted Appellant of three counts of delivery of a controlled substance pursuant to 35 P.S. § 780-113(a)(30), which prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act." 35 P.S. § 780-113(a)(30). Delivery means "the actual, constructive, or attempted transfer from one person to another of a controlled substance, other drug, device or cosmetic whether or not there is an agency relationship." 35 P.S. § 780-102. "Thus, for a defendant to be liable ... for the delivery of a controlled substance there must be evidence that he knowingly made an actual, constructive, or attempted transfer of a controlled substance to another person without the legal authority to do so." Commonwealth v. Murphy , 577 Pa. 275, 844 A.2d 1228, 1234 (2004) (citation omitted). "A defendant actually transfers drugs whenever he physically conveys drugs to another person." Id. However, Section 780-113(a)(30) does not require the Commonwealth "to establish that an exchange of money took place," nor does it "require that the defendant transfer the drug[ (s) ] to a law enforcement officer; all that is necessary is that the transfer be between two people." Commonwealth v. Metzger , 247 Pa.Super. 226, 372 A.2d 20, 22 (1977).
Viewing the evidence in a light most favorable to the Commonwealth as the verdict winner, we find there was sufficient evidence - both direct and circumstantial[2] - for the jury to conclude that Appellant, on three separate occasions, made a knowing delivery of a controlled substance without the authority to do so. The testimony adduced at trial demonstrates that on three dates during January and February of 2017, under the supervision and watch of Agent Swope, the CI made contact with Appellant via text messaging and/or telephone calls to arrange three deliveries of crack cocaine. N.T., 5/24/18, at 21, 28, 34-35. During all three communications, Appellant agreed to meet *320 the CI in the parking lot of the Giant Store located in Middletown. Id.
The evidence further shows that on January 20, 2017, January 31, 2017, and February 23, 2017, the CI's person and vehicle were both thoroughly searched by agents from the Attorney General's Office prior to the CI's travel to the parking lot of the Middletown Giant Store. Id. at 22-23, 29, 35-36.
On January 20, 2017, Agent Swope followed the CI to the Giant Store parking lot, where other agents were already stationed. Id. at 23-24. Agent Sean Gelchion witnessed Appellant exit his apartment, get into his vehicle, and start driving in the direction of the Giant Store. N.T., 5/24/18, at 78-79. Agent Christopher Burnell, one of the agents stationed at the Giant Store parking lot, witnessed the CI arrive, get out of the CI's vehicle, and get into the passenger-side of Appellant's vehicle. Id. at 88. After a short time, Agent Burnell witnessed the CI get out of Appellant's vehicle, get back into the CI's own vehicle and drive away. Id. at 88-89.
Agent Swope followed the CI to a pre-arranged location, where the CI gave him a "corner-tie" bag containing .25 grams of crack cocaine. Id. at 25, 27. Evidence was presented to the jury that the contents of the bag tested positive as being crack cocaine. Id. at 26-27.
On January 31, 2017, Agents Swope and Jenkins followed the CI to the Giant Store parking lot. Id. at 29-30. Agent Gelchion witnessed Appellant exit his apartment, get into his vehicle, and start driving in the direction of the Giant Store. N.T., 5/24/18, at 79-80. Agent Burnell, again stationed in the parking lot, witnessed the CI arrive, get out of the vehicle, and get into the passenger-side of Appellant's vehicle. Id. at 92. After a short time, Agent Burnell witnessed the CI get out of Appellant's vehicle, get back into the CI's own vehicle, and drive away. Id.
Agent Swope again followed the CI to a pre-arranged location, where the CI handed him a "corner-tie" bag containing .38 grams crack cocaine. N.T., 5/24/18, at 31, 34. Evidence was again presented to the jury showing that the contents of the bag tested positive as being crack cocaine. Id. at 32-34.
On February 23, 2017, Agent Burnell, once again stationed in the parking lot, witnessed the CI arrive in the parking lot, get out of the CI's vehicle, and enter the passenger-side of Appellant's vehicle. Id. at 93-94. After a short time, Agent Burnell witnessed the CI get out of Appellant's vehicle, get back into the CI's own car and drive away. Id.
Agent Swope again followed the CI to a pre-arranged location, where the CI produced a "corner-tie" bag containing .24 grams of crack cocaine. Id. at 36, 38. The jury again heard evidence that the contents of the bag tested positive as being crack cocaine. Id. at 37-38.
In addition to presenting the agents' testimony about what they witnessed, the Commonwealth produced for the jury a video recording taken from the CI, which depicted the CI inside the Appellant's vehicle during the third transaction on February 23, 2017. N.T., 5/24/18, at 38-41.
Consistent with the foregoing, there is no merit to Appellant's sufficiency argument regarding his convictions for delivery of a controlled substance. Appellant also argues that the evidence was insufficient to support his convictions of criminal use of a communication facility. However, upon review, this sufficiency claim is waived because Appellant did not identify it in his Rule 1925(b) statement.
We have repeatedly held that "[i]n order to preserve a challenge to the *321 sufficiency of the evidence on appeal, an appellant's [Pa.R.A.P.] 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." Commonwealth v. Stiles , 143 A.3d 968, 982 (Pa. Super. 2016) (quoting Commonwealth v. Garland , 63 A.3d 339, 344 (Pa. Super. 2013). See also Pa.R.A.P. 1925(b)(4)(ii) ("[T]he Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge."). "Such specificity is of particular importance in cases where, as here, [Appellant] was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." Stiles , 143 A.3d at 982. Therefore, when an appellant's 1925(b) statement fails to "specify the element or elements upon which the evidence was insufficient[,] ... the sufficiency issue is waived on appeal." Commonwealth v. Tyack , 128 A.3d 254, 260 (Pa. Super. 2015) (citing Commonwealth v. Williams , 959 A.2d 1252, 1257 (Pa. Super. 2008) ).
In his Rule 1925(b) statement, Appellant simply states, in boilerplate fashion, that "[t]he evidence was insufficient to sustain [Appellant's] conviction[s] for ... the related counts of criminal use of [a] communication facility." Appellant's Concise Statement, 11/1/18, at 1. Appellant failed to "specify the element or elements upon which the evidence was insufficient," and, accordingly, we find waiver. Tyack , 128 A.3d at 260 (citing Commonwealth v. Williams , 959 A.2d 1252, 1257 (Pa. Super. 2008).
For the forgoing reasons, we affirm the judgment of sentence.
Judgment of sentence affirmed.

18 Pa.C.S.A. § 7512 and 35 P.S. § 780-113(a)(30).

We reiterate the well-established principle that "the Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." Roberts , 133 A.3d at 767.