J-S60018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID ARTURO NUNEZ CISNEROS | |
| Appellant | No. 623 MDA 2019 |

Appeal from the Judgment of Sentence entered February 28, 2019
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0003719-2018

BEFORE: SHOGAN, J., STABILE, J., and PELLEGRINI, J.*

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 21, 2020**

Appellant, David Arturo Nunez Cisneros, appeals from the judgment of sentence entered on February 28, 2019 in the Court of Common Pleas of York County after a jury convicted him of delivering heroin. 35 P.S. § 780-113(a)(30). Appellant contends the evidence was insufficient to support the verdict. Alternatively, he claims the verdict was against the weight of the evidence. Upon review, we affirm.

A review of the record reveals that police officers from the City of York conducted a drug "buy/walk" on March 28, 2018 outside a residence located

_____
*Retired Senior Judge assigned to the Superior Court

at 832 West Locust Street in York.[1]  Using a confidential informant ("CI")[2] to execute the buy, officers were stationed at locations designed to keep the CI in view at all times.  One of the officers observed Appellant and the CI interact in front of the residence.  However, construction equipment prevented the officer from seeing the hands of the two men during their brief interaction.  Appellant then went back into the residence and the CI returned to the unmarked vehicle in which he had been transported to the scene.  The CI, who had been searched prior to the buy/walk, turned over heroin to the officer.

At trial, the Commonwealth offered two witnesses.  They were Detective Glatfelter, who searched the CI and drove him to the scene, and Sergeant Irvin, who observed the CI's interaction with Appellant.  The CI did not testify and the trial court delivered a "missing witness" jury instruction at the request of the defense.  Appellant did not testify and the defense did not present any witnesses in its case.

Following deliberations, the jury found Appellant guilty of delivering heroin.  On February 28, 2019, the trial court imposed a sentence of one and

_____

[1] A "buy/walk" is an investigation method in which either a confidential informant or a police officer uses recorded money to purchase narcotics while under surveillance.  Notes of Testimony ("N.T."), Trial, 1/24/19, at 97-98.

[2] At trial, the CI was not identified by name.  However, testimony established that the CI was a male.  N.T., Trial, 1/24/19, at 101-02.  Therefore, when referring to the CI in this Memorandum, we shall use "he" and "him."

a half to three years' incarceration. Appellant filed a post-sentence motion challenging the weight of the evidence. The trial court denied the motion on March 29, 2019. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant asks us to consider two issues in this appeal, both of which he frames as statements rather than questions, as follows:

1. The evidence was insufficient beyond a reasonable doubt to convict Appellant of Delivery of Drugs. Even taking the evidence in [the] light most favorable to the Commonwealth, the search of the [CI] prior to and after a "buy-walk" situation failed to demonstrate the CI did not already have or did not obtain drugs from another source. Moreover, the observations of the "buy-walk" between the [CI] and Appellant failed to demonstrate that [an] actual drug transaction occurred between the two.

2. The trial court erred in denying Appellant's request for a new trial. The weight of evidence did not prove Appellant delivered heroin to a [CI] during a "buy-walk" because (1) the testimony of the search of the [CI] before and after the "buy-walk" did not demonstrate the informant did already not have or did not obtain drugs from another source, and (2) the testimony of the "buy-walk" between the informant and Appellant failed to demonstrate that an actual drug transaction occurred between the two.

Appellant's Brief at 5.

In his first issue, Appellant challenges the sufficiency of evidence. Our standard of review for a sufficiency challenge is as follows:

When reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt. It [is] incumbent upon the Superior Court to consider all of the

evidence introduced at the time of trial, and apparently believed by the fact finder, including the expert's testimony. In applying this standard, [the reviewing court must] bear in mind that: the Commonwealth may sustain its burden by means of wholly circumstantial evidence; the entire trial record should be evaluated and all evidence received considered, whether or not the trial court's ruling thereon were correct; and the trier of fact, while passing upon the credibility of witnesses and the weight of the proof, is free to believe all, part, or none of the evidence.

*Commonwealth v. Ratsamy*, 934 A.2d 1233, 1237 (Pa. 2007) (internal citations and quotations omitted; second alteration in original). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013) (citation omitted).

Appellant focuses his sufficiency challenge on specific aspects of the officers' actions and testimony. With respect to Detective Glatfelter, for example, he complains that the detective offered testimony explaining his general procedure in conducting the search of a CI, rather than what he did specifically in his search of the CI in this case, and questions the detective's failure to check the CI's underwear. However, as the detective explained, he conducts approximately 500 controlled buys in a year—some with CIs and some without—and he employs a certain routine depending on how the CI presents, *e.g.*, whether he is wearing a hat, in which case he checks the hat band, and whether his clothes are bulky, in which case he pats down the clothing. N.T., Trial, 1/24/19, at 104. And, while he has seen drugs hidden in underwear, he does not generally search areas that cannot be easily

accessed. As the detective noted, the CI is under surveillance and the officers can see what the CI is doing. *Id.* at 103. "We're not going to search somebody, do a cavity search where they may have to walk down the street and dig into their rectum to pull out drugs to later try to pass off as what they bought." *Id.*

With respect to Sergeant Irvin, Appellant complains that the detective did not witness an actual hand-to-hand transaction, *i.e.*, the delivery of the controlled substance, because his view of the CI's and Appellant's hands was blocked by construction equipment. However, from his vantage point approximately twenty feet away, the sergeant did observe the CI and Appellant engage in a brief interaction lasting five to ten seconds at a distance of one foot to a foot and a half. *Id.* at 146-47. He was able to see that their arms were moving and that they were looking down at their hands. *Id.* at 147. Importantly, testimony established that this interaction was the only interaction in which the CI was engaged from the time he left Detective Glatfelter's car until he returned to it. *Id.* at 147.

It is well established that "the Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Ellison*, 213 A.3d 312, 319 n. 2 (Pa. Super. 2019) (quoting *Commonwealth v. Roberts*, 133 A.3d 759, 767 (Pa. Super. 2016)). Viewing the evidence in a light most favorable to the Commonwealth as the verdict winner, we conclude there was sufficient

evidence for the jury to conclude that Appellant delivered heroin without authority to do so in violation of 35 P.S. § 780-113(a)(30). Appellant's sufficiency challenge fails.

In his second issue, Appellant asserts that the verdict was against the weight of the evidence, a claim he preserved for review by raising it in a post-sentence motion.[3] As our Supreme Court has instructed:

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:
>
>> Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.* Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (quoting ***Widmer***, 744 A.2d at 753 (internal citations omitted) (emphasis in original)).

In its Rule 1925(a) opinion, the trial court commented:

> When examining the evidence presented at trial, there was sufficient evidence for a jury to find [Appellant] guilty beyond a reasonable doubt. The CI was under constant surveillance during

---

[3] We note that "[a] motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000).

the buy-walk and did not interact with any person other than [Appellant]. Detective Glatfelter searched the CI immediately before the buy and no drugs were found on the CI. The CI was also searched upon returning to the vehicle and, other than the heroin turned over to Glatfelter as a result of the buy, no drugs were found as a result of that search of the CI.

Rule 1925(a) Opinion, 6/27/19, at 8.

Further, following argument on Appellant's post-sentence motion, the trial court announced:

Essentially what this comes down to in this trial is a credibility determination. The – because the defense did some effective cross examination there, the jury could have chosen to find that the officers' memory was faulty and that they were going to choose not to find that there was an adequate search, but they didn't.

The evidence in the case was not so strong that that was the only conclusion, however. It doesn't rise to the level that, as the defense argues, that there was a serious miscarriage of justice or that there was only one conclusion that there could have been – that there was an inadequate search.

[E]ven in her own argument right now, [] the defense counsel invoked the key word, credibility. It's a credibility determination. That's up to the jury. The judge does not replace their view of credibility for that of the jury.

Under the rule cited by the defense, if it does rise to the level that these is a serious miscarriage of justice, in other words, if there is a verdict against the weight of the evidence, the court can intervene. The court doesn't find that the verdict was against the weight of the evidence.

N.T., Post-Sentence Motion, 3/29/19, at 8-9 (some capitalization omitted).

Having given due consideration to the findings and reasons advanced by the trial court, we discern no abuse of discretion in the trial court's denial

of Appellant's motion for a new trial based on weight of the evidence.

Therefore, Appellant's second issue fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/21/2020