J-S38027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RASHAWDI RASHAW PUGH, JR. | : | |
| | : | |
| Appellant | : | No. 474 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 18, 2020
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0001440-2019

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.*

MEMORANDUM BY DUBOW, J.:                      **FILED: APRIL 11, 2022**

Appellant, Rashawdi Rashawn Pugh, Jr., appeals from the Judgment of Sentence entered after a jury found him guilty of multiple counts of possession with intent to deliver ("PWID") and other offenses arising from his sale of crack cocaine to a confidential informant ("CI") and his possession of fentanyl. Appellant purports to challenge the sufficiency and weight of the evidence supporting the one count of PWID involving fentanyl.  After careful review, we conclude Appellant's counsel provided *per se* ineffective assistance and, thus, remand for the appointment of new counsel and the filing of a Pa.R.A.P. 1925(b) statement *nunc pro tunc*.

A detailed factual summary is not necessary to our disposition.  Briefly, between April 12, 2019, and June 20, 2019, the Beaver County Drug Task

_____

* Retired Senior Judge assigned to the Superior Court.

Force conducted four controlled buys of crack cocaine from Appellant at his apartment using a CI equipped with a video recording device. On June 21, 2019, the police executed a search warrant at Appellant's apartment, seizing a scale, small baggies, crack cocaine, and $150 of the prerecorded cash the CI had used in the controlled buy the preceding day. A cell phone seized from the home contained text message exchanges with the CI pertaining to the crack cocaine purchases. In addition, officers found two stamp packages of fentanyl in a men's boot. There was no paraphernalia found during the search that indicated Appellant personally used the drugs that were seized.

The Commonwealth charged Appellant with five counts each of PWID and possession of a controlled or counterfeit substance, four counts of possession of drug paraphernalia, and three counts of using a communication facility to commit a crime.[1] One possession and one PWID charge pertained to the fentanyl found in the men's boot.

At Appellant's jury trial, the Commonwealth presented testimony from the CI, four police officers, and Appellant's mother. The jury found Appellant guilty of all charges.

On June 18, 2020, the court sentenced Appellant to an aggregate term of five to ten years' incarceration. Appellant filed a post-sentence motion, which the court denied on December 8, 2020. The court allowed Appellant's

---

[1] 35 P.S. §§ 780-113(a)(30), (a)(16); 18 Pa.C.S. § 7512(a); and 35 P.S. § 780-113(a)(32), respectively.

retained counsel to withdraw on December 18, 2020, and that same day appointed the Beaver County Public Defender's Office to represent Appellant.[2]

On March 16, 2021, Appellant's counsel filed a petition for post-conviction relief seeking reinstatement of Appellant's appellate rights *nunc pro tunc*. The court granted the relief and Appellant filed a timely, counseled Notice of Appeal.

On April 30, 2021, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement within 21 days, or by May 21, 2021. On May 19, 2021, Appellant's counsel filed a Motion for an Extension of Time to File the 1925(b) Statement, noting that he would be unable to have a telephone conversation with Appellant before the looming deadline of May 21, 2021. The court granted counsel's motion that same day, directing that the Rule 1925(b) statement be filed 21 days later, *i.e.*, by June 4, 2021.

On May 25, 2021, Appellant filed *pro se* a Pa.R.A.P. 1925(b) Statement asserting general claims that the verdicts were not supported by sufficient evidence and were against the weight of the evidence. On June 3, 2021, one day before Appellant's counseled Rule 1925(b) statement was due, the court *sua sponte* entered an order in which it acknowledged Appellant's *pro se* filing and, citing the COVID-19 pandemic as hindering counsel and Appellant's

---

[2] Following the appointment of the public defender's office, Appellant sent a letter to the court seeking the appointment of counsel on March 8, 2021. The court clerk responded that the public defender had been appointed and was reviewing the file.

ability to communicate, directed Appellant to file an "amended" Rule 1925(b) statement to "clarify" the sufficiency and weight issues Appellant had raised *pro se*. Order, filed June 3, 2021. In addition, the court *sua sponte* provided another 21 days to Appellant to file the "amended" Rule 1925(b) statement.[3]

Counsel did not file the ordered Rule 1925(b) Statement on June 4, 2021, the original extended due date.

On June 23, 2021, Appellant, again acting *pro se*, filed an Amended Rule 1925(b) Statement indicating that he had not spoken with counsel and asserting that he could not, therefore, be certain that counsel would file a timely Rule 1925 amended statement. In this second *pro se* filing, Appellant "clarified" his sufficiency issue regarding the fentanyl charges by stating that the Commonwealth failed to present sufficient evidence that Appellant "constructively possessed the fentanyl or that the boots in which the fentanyl was [found] belonged to Appellant." *Pro Se* Amended Statement of Errors on Appeal, filed 6/23/21, at ¶8.

On June 25, 2021, Appellant's counsel filed an Amended Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), raising the following issues:

<u>Matters Complained of on Appeal after a Jury Trial</u>

---

[3] The court also sent a letter to the Deputy Prothonotary of this Court's western district stating that, "assuming the appellant files a timely concise statement with this [c]ourt," it would forward the full record, including its Rule 1925(a) Opinion by July 23, 2021. **See** Letter from the Hon. Dale M. Fouse, dated June 4, 2021.

i.      Whether the Appellant's/Defendant's convictions should be reversed because the Commonwealth failed to present sufficient evidence to prove guilty beyond a reasonable doubt of all charges?

ii.     Whether the sentence rendered by the [c]ourt was proper; to-wit did the [C]ommonwealth erroneously calculate Appellant's/Defendant's prior record score which was used to determine Appellant's/Defendant's sentence?

iii.    Whether the [c]ourt violated Appellant's/Defendant's rights when it failed to sentence Appellant's/Defendant's within ninety (90) [d]ays of his being convicted absent good cause for delay?

"Amended" Rule 1925(b) Statement, filed 6/25/21, at 2.

On July 20, 2021, the trial court filed a Rule 1925(a) Opinion addressing the sufficiency issues as raised in Appellant's June 21, 2021 *pro se* Amended Rule 1925(b) Statement.

In his brief, Appellant presents the following questions for our review:

1. Did the Commonwealth present[] sufficient evidence to prove beyond a reasonable doubt that Appellant committed the crime of manufacturing, delivery or po[]ssession with intent to manufacture or deliver fentanyl[?]

2. Whether Appellant's convictions should be reversed because the verdict rendered was against the weight of that evidence presented?

Appellant's Br. at 6.

Before we may address the merits of Appellant's claims, we must determine whether he has preserved them for our review.

Generally, a *pro se* filing by an appellant who is represented by counsel is considered to be a legal nullity, as the filing constitutes improper hybrid

- 5 -

representation.  ***Commonwealth v. Leatherby***, 116 A.3d 73, 78 (Pa. Super. 2015).  This rule extends to *pro se* Rule 1925(b) statements filed by counseled appellants. ***Commonwealth v. Ali***, 10 A.3d 282, 293 (Pa. 2010) ("[A]ppellant was represented by counsel on appeal, so his *pro se* Rule 1925(b) statement was a legal nullity.").  Exceptions to the rule exist in the rare instance where an appellant is "abandoned by counsel **and** the trial court fails to timely appoint new counsel." ***Leatherby***, 116 A.3d at 78.

Here, Appellant was represented by counsel throughout his proceedings. In fact, it was Appellant's counsel who filed the Notice of Appeal and then requested and obtained from the court an extension to file a Rule 1925(b) statement.  Counsel had not abandoned Appellant or otherwise signaled that he had no intention of continuing to represent Appellant.  Accordingly, Appellant's *pro se* Rule 1925(b) Statement and Amended Statement were both legal nullities and, thus, preserved no issues.

In addition, Rule 1925(b)(2) provides that an appellant must apply to the court, and show good cause, for an enlargement of the time for filing a Rule 1925(b) statement beyond the initial time allotted by the Rule 1925(b) court order. Pa.R.A.P. 1925(b)(2)(i). Counsel made such a request and the court granted it.  The rule does not, however, provide that a court may *sua sponte* enlarge the time for filing.

Further, although a court "[i]n extraordinary circumstances" may allow for the filing of a statement or amended statement *nunc pro tunc*, there is

nothing in the rule indicating that the judge may *sua sponte* provide such relief. **See** Pa.R.A.P. 1925(b)(2)(i). Accordingly, because Appellant's *pro se* filings were legal nullities and counsel made no application to the court for an additional extension to file the Rule 1925(b) statement, the trial court erred in *sua sponte* directing the filing of an "amended" statement and in *sua sponte* enlarging the time for filing the statement. In sum, the court's activity in this case that occurred after Appellant's counsel filed his May 19, 2021 motion for an enlargement of time to file the Rule 1925(b) statement was unauthorized and legally null.

We now address the Rule 1925(b) Statement that *was* filed by Appellant's counsel. First, as noted above, the Rule 1925(b) Statement was due on June 4, 2021. The statement filed by counsel on June 25, 2021, was, therefore, untimely. The "untimely filing of the [Rule] 1925 [ ] statement is the equivalent of a complete failure to file[,]" and constitutes "*per se* ineffective assistance of counsel from which appellants are entitled to the same prompt relief." **Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009) (internal footnote omitted). Appellant's counsel, thus, provided *per se* ineffective assistance of counsel.[4]

_____

[4] Compounding this *per se* ineffectiveness, counsel's boilerplate claim of insufficient evidence included in the late-filed, counseled Amended Rule 1925(b) Statement failed to preserve any sufficiency issues. This Court has repeatedly held that "in order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's [Rule] 1925(b) statement must state with

Accordingly, we remand to the trial court for the appointment of new counsel, or a *Grazier*[5] hearing if Appellant indicates a desire to proceed *pro se*, and the filing of a Pa.R.A.P. 1925(b) statement *nunc pro tunc* within 60 days. We direct the trial court to file a responsive Rule 1925(a) opinion within 30 days after receiving Appellant's *nunc pro tunc* Rule 1925(b) statement.

We also direct the Prothonotary to set a new briefing schedule upon receipt of the trial court's new Rule 1925(a) opinion.

Case remanded with instructions. Panel jurisdiction retained.

---

specificity the element or elements upon which the appellant alleges that the evidence was insufficient." *Commonwealth v. Ellison*, 213 A.3d 312, 320-21 (Pa. Super. 2019) (citations omitted). A failure to do so will result in waiver of the sufficiency issue on appeal. *Id.* Such specificity is of particular importance in cases where, as here, "the appellant was convicted of multiple crimes, each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Commonwealth v. Rivera*, 238 A.3d 482, 496 (Pa. Super. 2020), *appeal denied*, 250 A.3d 1158 (Pa. 2021) (citation omitted). Thus, where the Rule 1925(b) statement includes a bare boilerplate sufficiency challenge, such as that presented here, the appellant's sufficiency challenge is waived. *See Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015). *See also* Pa.R.A.P. 1925(b)(4)(vii) (providing that issues not included in the Rule 1925(b) statement "and/or" not raised with sufficient detail as required by Rule 1925(b)(4) "are waived.").

[5] *Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998).