J-S01011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAITLYN N. BROWN | : | No. 798 WDA 2022 |

Appeal from the Order Entered June 15, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0001104-2020

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

CONCURRING/DISSENTING STATEMENT BY COLINS, J.:

**FILED:  April 28, 2023**

I agree with the learned majority's conclusion that the Commonwealth waived its appellate issue by failing to file a concise statement of errors complained of on appeal.  Therefore, I concur in the affirmance of the trial court's dismissal of the drug delivery resulting in death charge and the partial dismissal of the possession with intent to deliver a controlled substance ("PWID") and conspiracy to commit PWID charges.

However, I do not agree with the majority's analysis on the merits of the Commonwealth's appeal.  The evidence before the trial court did not support an inference that the victim had constructive possession of the heroin at the moment of purchase, which occurred outside the victim's presence and

_____

[*] Retired Senior Judge assigned to the Superior Court.

in an area as to which he had no access or control. **See Commonwealth v. Rojas-Rolon**, 256 A.3d 432, 438 (Pa. Super. 2021) (joint constructive possession "may be found in one or more actors where the item in issue is in an area of joint control and equal access") (quoting **Commonwealth v. Johnson**, 26 A.3d 1078, 1094 (Pa. 2011)). Furthermore, the evidence established a *prima facie* case that Appellee delivered the drugs to the victim, based on her actual possession of the heroin which she physically conveyed to the victim. **See Commonwealth v. Ellison**, 213 A.3d 312, 319 (Pa. Super. 2019) (under PWID statute, delivery occurs where the defendant "physically conveys drugs to another person" regardless of whether an exchange of money takes place; "all that is necessary is that the transfer be between two people") (citations omitted); **see also** 18 Pa.C.S. § 2506(a) (violation of PWID statute satisfies "delivery" element of drug delivery resulting in death charge).