**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COREY MICHAEL STROPE | : | No. 249 MDA 2023 |

Appeal from the Order Entered January 12, 2023
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000536-2022

BEFORE: McLAUGHLIN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:         **FILED: APRIL 22, 2024**

The Commonwealth of Pennsylvania appeals from the order granting the petition for *habeas corpus* filed by the defendant, Corey Michael Strope, and dismissing the charges. We reverse and remand for further proceedings.

The Commonwealth charged Strope with two counts each of delivery of a controlled substance and possession of a controlled substance.[1] At the preliminary hearing, the Commonwealth presented the testimony of Detective David Hart. The trial court summarized his testimony as follows:

> On or about January, 2022, Bradford County Detective Hart met with a confidential informant [("CI")] to make a controlled purchase of controlled substances from a Robbie White at White's apartment at 925 South Main Street, Towanda, PA. That address [was] known to law enforcement as a place where illegal drugs were being sold out of various apartments in the building. The

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 35 P.S §§ 780-113(a)(30) and (a)(16), respectively.

building consists of 4-5 apartments. CI was searched wherein no contraband or money was found. Upon arrival at the apartment building, Detective observed [Strope's] vehicle parked there. CI was instructed that if [he] could make a purchase from [Strope], to do so. CI was provided pre-recorded money to purchase the narcotics. CI was observed to walk down the driveway toward back of building at which time CI was out of view. The CI returned. He handed over to Detectives methamphetamine and marijuana (later lab tested positive for such substances). CI told Detective that he had purchased the substances from [Strope,] who was in White's apartment. CI also returned $40.00 of the prerecorded money to a detective (he originally had $200.00 of prerecorded money). CI was searched and no other money or contraband was found.

Trial Court Memorandum Opinion, 1/13/23, at 2. The CI did not testify at the preliminary hearing. The magisterial district judge bound the charges for trial.

Strope filed in Common Pleas Court a pretrial petition for *habeas corpus*, arguing that the Commonwealth had failed to present a *prima facie* case because it had relied solely on hearsay to establish Strope's involvement. The Commonwealth responded that Strope had not moved to disclose the CI's identity prior to the preliminary hearing and had not carried his burden to prove the necessity of disclosing the CI's identity.

The trial court granted the *habeas corpus* petition and quashed the charges. Relying in part on **Commonwealth v. Harris**, 269 A.3d 534, (Pa.Super.), *appeal granted*, 285 A.3d 883 (Pa. 2022), the court found that "[a]lthough the Commonwealth has a qualified privilege to withhold the identity of a confidential source, said privilege does not extend to presenting non-hearsay evidence in support of material elements of a crime at a preliminary hearing." **Id.** at 6.

The Commonwealth appealed.[2] It raises two issues:

A. Did the Suppression Court err in granting the Writ of Habeas Corpus on the grounds/reasoning of **Harris**/**McClelland**?[3]

B. Did the Suppression Court err in finding that the Commonwealth did not present a *prima facie* case at the preliminary hearing?

Commonwealth's Br. at 3 (lower court's answers and suggested answers omitted).

Our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Sutton**, --- A.3d ---, 2024 WL 1163627, at *2 (Pa.Super. filed Mar. 19, 2024). "We review a decision to grant a pre-trial petition for a writ of *habeas corpus* by examining the evidence and reasonable inferences derived therefrom in a light most favorable to the Commonwealth." **Commonwealth v. Dantzler**, 135 A.3d 1109, 1111 (Pa.Super. 2016) (*en banc*). Whether the Commonwealth has presented *prima facie* evidence of a crime is a question of law. **Id.** at 1112. "To demonstrate that a *prima facie case* exists, the Commonwealth must produce evidence of every material element of the charged offense(s) as well as the defendant's complicity therein." **Id.** (citation omitted).

In its first issue, the Commonwealth argues that it has a qualified privilege not to disclose the identity of a CI until the defendant moves for

---

[2] Although the court dismissed the charges without prejudice, our jurisdiction is proper pursuant to **Commonwealth v. Merced**, 265 A.3d 786, 790-91 (Pa.Super. 2021), and **Harris**, 269 A.3d at 538-39.

[3] **See Commonwealth v. McClelland**, 233 A.3d 717 (Pa. 2020).

disclosure and proves that the CI's identity is material to the preparation of a defense. It asserts that **Harris** and its predecessors could not overrule the decisions establishing this rule. It contends that forcing the Commonwealth to present the CI at the preliminary hearing would relieve the defendant of his burden, render the decisions regarding disclosure obsolete, and frustrate law enforcement's ability to use CIs.

The Commonwealth also argues that the rationale for prohibiting it from relying purely on inadmissible hearsay at the preliminary hearing is to ensure that it will be able to prove its case at trial through non-hearsay evidence. It contends that rationale is inapplicable here, where it has presented non-hearsay evidence and where it intends to present the CI's testimony at trial. It also argues that **Harris** is distinguishable. In **Harris**, this Court held that while some hearsay is admissible at the preliminary hearing, the Commonwealth could not rely solely on hearsay to establish that the defendant was the person who committed the alleged crime. 269 A.3d at 546-47. The Commonwealth distinguishes **Harris** on the grounds that there, it was the crime victim, not a CI, who failed to appear at the preliminary hearing. It further emphasizes that because the victim in **Harris** was not cooperating with authorities, the prosecution there would never be able to present the victim's live testimony at trial. The Commonwealth contrasts **Harris** with the circumstances here, where it will have the CI appear and testify at trial.

Our Court recently confronted this issue in **Commonwealth v. Sutton**. There, as here, the trial court relied on **Harris** to hold that the Commonwealth

had failed to present a *prima facie* case at the preliminary hearing because it had relied on hearsay to establish that the defendant was the perpetrator of the crime alleged. **See Sutton**, 2024 WL 1163627, at *3-4. The Commonwealth argued on appeal that the court had erred because the defendant had not proven the need for disclosure of the CI's identity pursuant to the existing qualified privilege rubric.[4]

This Court reversed. We explained that **Harris** did not "vitiate jurisprudence that has promoted an accountable, prescribed system recognizing a qualified privilege of keeping informants' identities confidential and permitting use of their statements to law enforcement at preliminary hearings." **Id.** at *4. We held that because "**Harris** did not involve the use of a confidential informant nor . . . discuss the qualified privilege as to disclosure of a confidential informant," the trial court had erred in holding the Commonwealth was required to produce the CI at the preliminary hearing without deciding the issue pursuant to authority pertaining to the use of confidential informants. **Id.** at *6; **see also id.** at *7 ("The qualified privilege

---

[4] When a defendant moves for disclosure of a CI's identity, the defendant must establish "that the information sought is material to the preparation of the defense and that the request is reasonable." **Commonwealth v. Marsh**, 997 A.2d 318, 321–22 (Pa. 2010) (opinion announcing the judgment of the court); **see also Commonwealth v. Ellison**, 213 A.3d 312, 316-17 (Pa.Super. 2019). The court must weigh the relevant factors to determine whether to order disclosure, based on "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors essential to a fair balancing of the competing interests involved." **Marsh**, 997 A.2d at 321.

predates the holdings of **Harris** and [**McClelland**], and neither decision addressed the use of CIs or indicated an intention of modifying the qualified privilege rubric"). We also held **Harris** did not control because, as in the instant case, the Commonwealth represented to the trial court that it would produce the CI's direct testimony at trial. **Id.** at *4. We further observed that the Commonwealth had established a "connection" between Sutton and the controlled buys through direct evidence. We pointed out that the detective testified that he had observed the CI enter Sutton's residence before each controlled buy, possessing only prerecorded buy money, and exit possessing a controlled substance. **Id.** at *6.

Pursuant to **Sutton**, we hold the trial court erred in determining the Commonwealth failed to establish a *prima facie* case simply because it relied on the hearsay testimony repeating a CI's statements to establish Strope's involvement, when the Commonwealth also presented other, non-hearsay evidence. Strope did not move for disclosure of the CI's identity and the trial court did not determine disclosure was warranted under the established jurisprudence pertaining to that question. And, as in **Sutton**, the Commonwealth states it will produce the CI at trial.

In addition, the Commonwealth offered non-hearsay testimony to establish its *prima facie* case. **See McClelland**, 233 A.3d at 736 (holding the defendant's right to due process is violated when the Commonwealth is permitted to rely solely on hearsay to establish a *prima facie* case at the preliminary hearing). Detective Hart testified that he searched the CI before

he entered the residence, and again on his way out, and found the CI had obtained controlled substances in the interim. Furthermore, as in **Sutton**, there was direct evidence of a "connection" between the defendant and the alleged crime. Detective Hart testified that he observed Strope's car outside of White's residence and instructed the CI to buy from Strope in addition to White. Viewing the evidence in the light most favorable to the Commonwealth, and making all reasonable inferences in its favor, the evidence was sufficient to prove a *prima facie* case. The trial court erred in concluding otherwise.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/22/2024