J-A21027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDY JOHNSON | : | |
| | : | |
| Appellant | : | No. 1454 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 4, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007348-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDY JOHNSON | : | |
| | : | |
| Appellant | : | No. 1455 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 4, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007349-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDY JOHNSON | : | |
| | : | |
| Appellant | : | No. 1456 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 4, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007379-2017

BEFORE:  LAZARUS, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:               **FILED DECEMBER 8, 2020**

Appellant, Randy Johnson, appeals from the January 4, 2019 Judgment of Sentence entered in the Court of Common Pleas of Philadelphia County following his jury conviction of two counts of Aggravated Assault and one count each of Attempted Murder, Simple Assault, Carrying a Firearm on a Public Street in Philadelphia, Possessing an Instrument of Crime ("PIC"), and Criminal Trespass.[1] Appellant challenges the sufficiency and weight of the evidence and discretionary aspects of sentencing. After careful review, we affirm.

On the evening of June 28, 2017, Appellant took two mollies[2] then entered the Green Parrot Bar in Philadelphia. Appellant immediately began to argue with the bartender because she would not let him smoke inside. When Appellant tried to walk behind the bar, another employee, Theodore Gant, escorted Appellant outside.

Once outside, Appellant pestered bar patrons Howard White and George Arroyo for a light, and tried multiple times to reenter the bar. Gant, White, and Arroyo implored Appellant to leave, but to no avail. When Appellant attempted to reenter the bar for a third time, Arroyo stood in his way. White intervened and began to escort Appellant down the street and away from the bar.

---

[1] 18 Pa.C.S. §§ 2702(a)(1) (victim Arroyo), 2702(a)(4) (victim Vasquez), 2502, 901, 2701(1), 6108, 907(a), and 3503(a)(1)(i), respectively

[2] "Molly" is a term for the drug MDMA. N.T. Trial, 9/13/18, at 217.

At some point, Appellant and White began to tussle. They fell over a parked car onto the ground. White's gun fell from his waistband. Appellant picked it up and pointed it at White. White put his hands in the air and began to back away. Appellant pulled the trigger, shooting and killing White.

After shooting White, Appellant fled and Arroyo chased him. During the chase, Arroyo shot his gun twice into a park, not at Appellant, in an attempt to get Appellant to stop running. Appellant then stopped, turned, and shot four or five rounds at Arroyo, missing him. Arroyo lost sight of Appellant shortly thereafter.

Appellant's night did not end after the chase. Appellant ran onto the porch of a nearby home belonging to Rosanna Haines. He attempted to enter the house and demanded that Haines open the door. When Haines did not comply, Appellant moved on to the nearby home of Maria and Javier Vasquez, Sr. and their son Javier Vasquez, Jr.

Appellant entered the Vasquez home through the kitchen and proceeded upstairs to the master bedroom, where he woke Maria and Vasquez, Sr. ("Vasquez"). Appellant immediately fled to the kitchen, where he intended to wait for Vasquez with the plan of knocking him unconscious. When Vasquez entered the kitchen, Appellant hit him twice in the head with White's gun. Appellant and Vasquez began to struggle for the weapon before Vasquez, Jr. intervened on his father's behalf, throwing Appellant to the ground and pinning him there until police arrived.

Commonwealth witnesses Gant, Arroyo, Haines, Maria Vasquez, Javier Vasquez, Sr., Javier Vasquez, Jr., Philadelphia police officers Timothy Strauss, Ronald Weitman, and Michael Maresca, police detectives Frank Mullen and Timothy Scally, and deputy medical examiner Dr. Albert Chu testified at trial consistent with the above recitation of facts.

Appellant testified on his own behalf. He largely agreed with the Commonwealth about the course of events that evening. N.T. Trial, 9/13/18, at 186-209. He admitted that he shot White, shot at Arroyo, entered the Vasquez home, and hit Vasquez in the head with a gun. *Id.* at 201, 205, 207, 211. Appellant claimed, however, that he was acting in self-defense when he shot White, shot at Arroyo, and hit Vasquez. *Id.* at 202; N.T. Trial, 9/14/18, at 23-24, 37. He also claimed that he entered the Vasquez home because he thought it belonged to his friend. N.T. Trial, 9/13/18, at 205.

On September 17, 2018, a jury convicted Appellant of the above crimes. It found Appellant not guilty of several additional charges, including the murder of White.[3] On January 4, 2019, the court sentenced Appellant to an aggregate term of 20 to 40 years' incarceration. Appellant filed a Post-Sentence Motion on January 11, 2019, which the trial court denied on April

---

[3] 18 Pa.C.S. § 2502. The jury also acquitted Appellant of charges of Burglary and Simple Assault, and the trial court entered a Judgment of Acquittal on charges of Carrying a Firearm Without a License and Criminal Trespass. 18 Pa.C.S. §§ 3502, 2701(a)(1), 6106, and 3503(a)(1)(ii), respectively.

- 4 -

29, 2019. Appellant then timely filed Notices of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

> 1. Whether the Commonwealth's evidence was insufficient to prove that the Appellant acted with specific intent to kill and not in self-defense when he shot at Arroyo.
>
> 2. Whether Appellant's convictions are against the weight of the evidence, where there was credible and persuasive evidence that the Appellant acted out of necessity and self-defense.
>
> 3. Whether the Court utilized sentencing enhancement considerations that were already factored into the offense gravity score and the prior record score and where the Court failed to give due consideration to the Appellant's character, history and condition.

Appellant's Br. at 6 (rephrased for clarity and reordered for ease of analysis).

## Sufficiency of the evidence

In his first issue, Appellant challenges the sufficiency of the Commonwealth's evidence to prove that he acted with the specific intent to kill and not out of self-defense when he shot at Arroyo.[4]

"A claim challenging the sufficiency of the evidence is a question of law." **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether,

---

[4] Appellant waived sufficiency challenges to his convictions for Aggravated Assault, Carrying a Firearm on a Public Street in Philadelphia, PIC, and Criminal Trespass by failing to challenge any specific element of those crimes in his Rule 1925(b) Statement. **See Commonwealth v. Rivera**, --- A.3d ---, 2020 PA Super 208, at *8 (Pa. Super. filed August 25, 2020) (an appellant's Rule 1925(b) Statement must state with specificity the element(s) challenged, or the challenge will be waived); **Commonwealth v. Ellison**, 213 A.3d 312, 320-21 (Pa. Super. 2019) (same).

viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and citations omitted). Importantly, the question is whether the record supports the verdict, not whether the record supports the defendant's contentions. ***Commonwealth v. Sinnott***, 30 A.3d 1105, 1110 (Pa. 2011). We may not weigh the evidence and substitute our judgment for that of the factfinder. ***Id.***

### Self-defense

Appellant asserts that the Commonwealth failed to adduce sufficient evidence to prove that he was not acting out of self-defense when he shot at Arroyo. Appellant's Br. at 6. The defendant has no burden to prove self-defense. ***Commonwealth v. Mouzon***, 53 A.3d 738, 740 (Pa. 2012). Rather, when record evidence exists to justify a self-defense claim, the Commonwealth bears the burden to disprove the defense. ***Id.*** The Commonwealth can sustain its burden by proving that the defendant failed to retreat when he could have done so safely. ***Id.*** at 740-41; 18 Pa.C.S. § 505, cmt. (before using deadly force, "a person must have no probable means of escape; he must 'retreat to the wall.'").

In this case, viewed in the light most favorable to the Commonwealth, the evidence established that Appellant ran a short distance after shooting White, then stopped, turned, and shot four or five times at Arroyo. N.T. Trial, 9/12/18, at 60; 9/14/18, at 24. From this evidence, the jury could reasonably

conclude that Appellant failed to retreat and, therefore, was not acting in self-defense, when he shot at Arroyo.

In his Brief, Appellant fails to address the sufficiency of the Commonwealth's evidence to prove that he did not act in self-defense. Instead, Appellant simply recounts the evidence that he believes proved his self-defense claim. *See* Appellant's Br. at 26-27. This is essentially a weight of the evidence challenge, which is distinct from a challenge to the sufficiency of the Commonwealth's evidence. *See Widmer*, 744 A.2d at 751-52. Since Appellant has not addressed the sufficiency of the Commonwealth's evidence, he has waived this issue. *See Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (failure to present a sufficiently developed argument will result in waiver).[5]

**Specific intent to kill**

Appellant argues that the Commonwealth's evidence was insufficient to establish that he possessed the specific intent to kill when he shot at Arroyo. Appellant's Br. at 26-27. To prove Attempted Murder, the Commonwealth was required to establish that Appellant acted with the specific intent to kill. *See*. 18 Pa.C.S. § 2502, 901(a); *Commonwealth v. Tucker*, 143 A.3d 955, 964 (Pa. Super. 2016). The Commonwealth may do so through circumstantial

---

[5] Moreover, Appellant's acquittal of White's murder is insufficient to prove that he was acting in self-defense when he shot at Arroyo. It is well-established that juries may reach inconsistent verdicts and we may not interpret an acquittal as a specific factual finding. *Commonwealth v. Moore*, 103 A.3d 1240, 1249-50 (Pa. 2014) (appellate court may not interpret murder acquittal as a factual finding that the jury believed defendant's self-defense claim).

evidence. **In re R.D.**, 44 A.3d 657, 678 (Pa. Super. 2012). "[T]he law permits the factfinder to infer that one intends the natural and probable consequences of his acts[.]" **Commonwealth v. Gease**, 696 A.2d 130, 133 (Pa. 1997).

Viewed in the light most favorable to the Commonwealth, the evidence established that Appellant shot four or five times in Arroyo's direction. N.T. Trial, 9/12/18, at 60-61. The jury could reasonably infer that Appellant intended to kill Arroyo when he shot at him multiple times. Thus, we conclude that the evidence was sufficient to prove that Appellant acted with the specific intent to kill when he shot at Arroyo.

**Weight of the evidence**

In his second issue, Appellant challenges the weight of the Commonwealth's evidence underlying his convictions. Appellant's Br. at 23-24. He does not challenge any specific element of any of his convictions. Rather, in narrative form, he alleges that the jury should have weighed his testimony differently, *i.e.*, by crediting his self-serving justifications that he was the victim of aggression by White, Arroyo, and Vasquez and innocently mistaken when he entered the Vasquez home. **See id.**

"The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." **Commonwealth v. Talbert**, 129 A.3d 536, 545 (Pa. Super. 2015) (quotation marks and citation omitted). We cannot substitute our judgment for that of the factfinder. **Id.** at 546. Therefore, Appellate review of a weight claim is a review of the trial court's exercise of

discretion in denying the appellant's post-trial weight challenge. ***See id.*** at 545-46. "In order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." ***Id.*** at 546 (internal quotation marks and citation omitted).

In explaining its decision to deny Appellant's post-trial challenge to the weight of the evidence, the trial court recognized that credibility and weight determinations are solely within the province of the factfinder. Trial Ct. Op., at 12. It summarized the evidence produced at trial, discussed *supra*, and concluded that the jury was free to disregard Appellant's claim that he was the victim. ***Id.*** at 8-13.

After reviewing the record, we discern no abuse of discretion in the trial court's denial of Appellant's weight challenge. Appellant admitted that he shot at Arroyo, entered the Vasquez home without permission, and hit Vasquez in the head with a gun. N.T. Trial, 9/13/18, at 201, 205, 207, 211. He also justified his actions, testifying that he was the victim of aggression and a mistake. ***Id.*** at 202, 205; N.T. Trial, 9/14/18, at 37. It was within the jury's province to weigh Appellant's testimony and believe all, some, or none of it. The verdict indicates that the jury disbelieved Appellant's justifications, and we cannot and will not substitute our judgment for that of the factfinder.

Our review of the record indicates that the evidence supporting the jury verdict is not so tenuous, vague, or uncertain, and the verdict was not so

contrary as to shock the court's conscience. We discern no abuse of discretion in the trial court's denial of Appellant's weight challenge.

**Discretionary Aspects of Sentencing**

In his final issue, Appellant alleges that the sentencing court double counted sentencing enhancement considerations and failed to give due consideration to his character, history, and condition. Appellant's Br. at 6. This claim implicates the discretionary aspects of his sentence. ***See Commonwealth v. Goggins***, 748 A.2d 721, 727-32 (Pa. Super. 2000).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right, and we thus view them as a petition for allowance of appeal. ***See*** 42 Pa.C.S. § 9781(b). An appellant must satisfy several requirements before this Court will grant consideration of such a challenge. ***See Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa. Super. 2013). Relevant here, to preserve a challenge to the discretionary aspects of his sentence on appeal, an appellant must raise the issue at sentencing or by post-sentence motion. ***Id.***

If raised by post-sentence motion, the appellant must state grounds for relief "with specificity and particularity." Pa.R.Crim.P. 720(B)(1)(a). Failure to do so results in waiver of the claim. Pa.R.A.P. 302 ("issues not raised in the lower court are waived"). ***See Commonwealth v. Mann***, 820 A.2d 788 (Pa. Super. 2003) (appellant waived discretionary aspects of sentencing claim by failing to challenge sentence with specificity and particularity in his post-

- 10 -

sentence motion); *Commonwealth v. Nischan*, 928 A.2d 349 (Pa. Super. 2007) (same).

Here, Appellant did not raise the issue at sentencing, and in his Post-Sentence Motion he asserted simply that "the trial court erred by giving the Defendant an excessive sentence." Post-Sentence Motion, 1/11/19, at ¶ 3. Appellant failed to state grounds for relief with the "specificity and particularity" required by Pa.R.Crim.P. 720(B)(1)(a) and, therefore, deprived the sentencing court the opportunity to address his claim and reconsider or modify his sentence. Appellant, therefore, waived this claim.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/08/2020