J-S50041-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT NOWLIN, | : | |
| | : | |
| Appellant | : | No. 50 EDA 2020 |

Appeal from the Judgment of Sentence Entered December 2, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004703-2018

BEFORE:    BENDER, P.J.E., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY SHOGAN, J.:                    **FILED:  APRIL 12, 2021**

Appellant, Robert Nowlin, appeals from the judgment of sentence entered on December 2, 2019 following his convictions for burglary, criminal trespass, criminal mischief, and theft by unlawful taking.[1]  After review, we affirm.

The trial court provided the following background.

On June 10, 2018, Officer [Jonathan] Harvey responded to a burglary call at the Praise Power Deliverance church.  Upon arrival, the officer noticed the church alarm activated and a broken window before encountering Appellant coming [around] the side of the church.  Appellant was wearing a black hoodie, a black baseball hat, and a mask on his face with a green bag in his hand.  In addition, Appellant had an article of clothing wrapped around his neck.  The officer noticed Appellant's hand was cut[,] with blood on both of Appellant's hands.  Appellant's story to the officer attempting to explain where Appellant came

---

[1] 18 Pa.C.S. §§ 3502(a)(4), 3503(a)(1)(ii), 3304(a)(2), and 3921(a), respectively.

*Retired Senior Judge assigned to the Superior Court.

from did not comport with the officer's observations and initial search of the outside streets. The officer searched Appellant's green bag and found a jar of peanut butter, gloves, a baseball cap, one sneaker, and a pocketbook. The officer placed Appellant into custody and, upon arrival of a church elder with a key, entered the church to inspect and clear the inside of the church. The officer walked to the basement and noticed blood on the wall and on the glass door leading into the basement room. In addition, the officer noticed the door leading to the outside of the church appeared to be kicked and pushed outward. The church elder testified Appellant did not have permission to enter the church. The church elder further inspected the pantry in the basement and noticed the entire pantry was rummaged through, though due to the amount of items in the basement the church elder could not assess what had been taken or moved.

Trial Court Opinion, 2/11/20, at 1-2 (internal citations omitted). Based on the foregoing, Appellant was charged with one count each of burglary, criminal trespass, criminal mischief, theft by unlawful taking, and receiving stolen property.

On September 16, 2019, Appellant proceeded to a nonjury trial, where the Commonwealth presented evidence establishing the aforementioned facts. Appellant testified in his own defense, explaining that he received the cut on his hand from an altercation with an unknown person. N.T., 9/16/19, at 73. After leaving the area of the altercation, Appellant walked down the street and stopped at the church to urinate, whereupon he encountered Officer Harvey. *Id.* at 75, 81. Appellant further explained that he used the peanut butter, gloves, and mask for painting. *Id.* at 73–74, 77–78. At the conclusion of the trial, the trial court found Appellant guilty as indicated *supra* and not guilty of receiving stolen property. On December 2, 2019, the

- 2 -

trial court sentenced Appellant to three to six months of house arrest followed by two years of probation at each count, to run concurrently to each other. Appellant did not file a post-sentence motion.

Appellant timely filed a notice of appeal.[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925. On appeal, Appellant raises the following issue for our review: "Did the court err in their affirmation of the lower court's guilty verdict against Appellant?" Appellant's Brief at 7. It appears from portions of Appellant's brief that he interpreted the trial court's Rule 1925(a) opinion as a decision from this Court affirming the trial court's guilty verdict. *See*, *e.g.*, Appellant's Brief at 9. Nonetheless, in the argument section of his brief, Appellant raises the same two issues he raised in his concise statement, as follows:

1. [The] trial judge erred by convicting [Appellant] of burglary which was against the weight and sufficiency of the evidence.

---

[2] On June 16, 2020, this Court dismissed Appellant's appeal for failure to file a brief. Appellant was represented by the Defender's Association of Philadelphia at his trial and sentencing proceedings, and the Defender's Association filed Appellant's notice of appeal on his behalf. Thereafter, Douglas Dolfman, Esquire, was appointed to represent Appellant. Attorney Dolfman entered his appearance in the trial court and filed a concise statement on Appellant's behalf. However, Attorney Dolfman did not enter his appearance in this Court, and the Defender's Association remained counsel of record. The Defender's Association continued to receive notices from this Court pertaining to this appeal, which it forwarded to Attorney Dolfman. Upon learning of the dismissal, the Defender's Association filed a petition to reinstate the appeal on Appellant's behalf. We granted the application and directed the Prothonotary to replace the Defender's Association with Attorney Dolfman as attorney of record.

2. [T]rial counsel was ineffective in representing [Appellant] by failing to investigate the case and advising [Appellant] of all his trial options.

Pa.R.A.P. 1925(b) Statement, 2/3/20; Appellant's Brief at 10–11. While Appellant has failed to comply with Pa.R.A.P. 2116 and 2119, we decline to find waiver because his noncompliance has not impeded our review.

We begin with Appellant's combined weight/sufficiency challenge. Initially, we observe that these represent distinct challenges.

> The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, whereas a claim challenging the weight of the evidence if granted would permit a second trial.
>
> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence … concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge

must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Rivera*, 238 A.3d 482, 495 (Pa. Super. 2020) (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 751–752 (Pa. 2000) (footnote, quotation marks, and some citations omitted)), *appeal denied*, ___ A.3d ___, 2021 WL 958550 (Pa. filed March 15, 2021).

Before we address the merits of Appellant's weight and sufficiency claims, we must determine whether Appellant has preserved them for our review. "[A] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion." *Commonwealth v. Lofton*, 57 A.3d 1270, 1273 (Pa. Super. 2012) (citations omitted). Here, Appellant did not file a post-sentence motion or raise a weight challenge orally prior to sentencing. Accordingly, Appellant's weight claim is waived.

Turning to Appellant's sufficiency challenge:

We have repeatedly held that in order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Pa.R.A.P. 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. ... Therefore, when an appellant's 1925(b) statement fails to "specify the element or elements

- 5 -

upon which the evidence was insufficient,... the sufficiency issue is waived on appeal."

*Commonwealth v. Ellison*, 213 A.3d 312, 320–321 (Pa. Super. 2019) (citations and quotation marks omitted), (citing *Commonwealth v. Stiles*, 143 A.3d 968, 982 (Pa. Super. 2016)), *appeal denied*, 220 A.3d 531 (Pa. 2019). Here, Appellant failed to specify in his concise statement the element or elements of burglary upon which he contends the evidence was insufficient. Nonetheless, because Appellant challenges only a single conviction with straightforward facts, and the trial court readily apprehended his claims, we decline to find waiver. *See Commonwealth v. Laboy*, 936 A.2d 1058 (Pa. 2007).

Appellant was found guilty of 18 Pa.C.S. § 3502(a)(4), which provides as follows. "A person commits the offense of burglary if, with the intent to commit a crime therein, the person… enters a building or occupied structure… that is not adapted for overnight accommodations in which at the time of the offense no person is present." 18 Pa.C.S. § 3502(a)(4).

In determining there was sufficient evidence to convict Appellant of burglary, the trial court found Appellant's testimony incredible. Trial Court Opinion, 2/11/20, at 4. The court concluded that Appellant's movements and dark clothing were circumstantial evidence of Appellant's attempt to be inconspicuous; the trial court also relied on the fact that Appellant had:

> wrapped clothing around his neck to further protect himself when entering the church through the broken window. Appellant brought a bag to place stolen items in and police discovered the

peanut butter jar inside the bag. The church elder testified the pantry was rummaged through, and though he [was] unclear what was taken, it is beyond a reasonable doubt Appellant intended to steal items from the church.

*Id.*

On appeal, Appellant avers that no witnesses observed Appellant enter the church. Appellant's Brief at 10. He underscores that the church elder was unable to state if anything had been taken from the pantry, and Appellant explained why he had blood on his hands when Officer Harvey encountered him outside of the church. *Id.* Finally, Appellant contends that "the mere fact that [he] was wearing a dark hoodie on the night of the incident is not indicative of his intent to commit a crime." *Id.*

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude there was sufficient evidence to establish that Appellant entered the church with the intent to steal from the pantry. *See Commonwealth v. Baker*, 201 A.3d 791, 795 (Pa. Super. 2018) (citations omitted) ("The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder."). Accordingly, Appellant is not entitled to relief on this claim.

Finally, we address Appellant's ineffective-assistance-of-counsel claim. Generally, claims of ineffective assistance of counsel are not cognizable on direct appeal and must be deferred to collateral review under the Post

Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. ***Commonwealth v. Holmes***, 79 A.3d 562, 576 (Pa. 2013). However:

> [t]hree exceptions have been recognized to the general rule that ineffective assistance claims may not be raised in a direct appeal: (i) in "extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice"; (ii) where the defendant asserts multiple ineffective assistance claims, shows good cause for direct review of those claims, and expressly waives his entitlement to PCRA review before the trial court; and (iii) "where the defendant is statutorily precluded from obtaining subsequent PCRA review." ***Commonwealth v. Delgros***, 183 A.3d 352, 360-61 (Pa. 2018); ***Holmes***, 79 A.3d at 563-64.

***Commonwealth v. Rosenthal***, 233 A.3d 880, 887 (Pa. Super. 2020) (internal citation format altered).

Appellant does not assert that any of these exceptions applies to him, and based upon our review, we conclude that none applies. As to the first exception, Appellant's claim that counsel failed to investigate the case and advise Appellant of all of his trial options is not apparent from the record. As to the second exception, Appellant has not shown good cause or expressly waived his entitlement to PCRA review. Finally, as to the third exception, Appellant was sentenced on December 2, 2019, to three to six months of house arrest, followed by two years of probation. Assuming Appellant does not violate the terms of his probation, his sentence will not expire until June 2, 2022, and he is not statutorily precluded from seeking PCRA review. Having failed to invoke any of these exceptions, we may not reach Appellant's ineffective-assistance-of-counsel claim.

- 8 -

Judgment of sentence affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/12/21