J-S36045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ERIC PARKER | : | |
| | : | |
| Appellant | : | No. 2444 EDA 2022 |

Appeal from the Judgment of Sentence Entered May 18, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001426-2020

BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED OCTOBER 26, 2023**

Appellant, Eric Parker, appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions for endangering the welfare of a child ("EWOC"), possessing an instrument of crime ("PIC"), terroristic threats, simple assault, and recklessly endangering another person ("REAP").[1]  We affirm.

The trial court set forth the relevant facts and procedural history of this case as follows:

> In 2017[,] the minor complainant [J.J. ("Victim")] was residing with his mother Sharita Jones, his two sisters, and [Appellant]….  Victim detailed the first two incidents involving Appellant that caused him to leave the home.  On one occasion, he poured his sister's juice in the wrong cup and Appellant threw him into a baby stroller and punched him several times.  The second incident occurred when

---

[1] 18 Pa.C.S.A. §§ 4304(a), 907(a), 2706(a), 2701(a), and 2705, respectively.

[Victim]'s mother gave him permission to take a hoagie to school for lunch, but Appellant came home that evening upset about it and stomped on [Victim] in his shoulder and torso area several times for eating the hoagie. [Victim] left the home in December of 2019 at age fourteen (14) to stay with other family members because he "felt unsafe" and "just wanted to get away from the place." [N.T. Trial, 10/23/20, at 19.]

[Victim's] mother was at that time involved in a custody case over his brother…. In January 2020 [Victim] was approached by Appellant and his mother after school at the transportation center when they forced him to make a video stating he "felt safe in the home" and "the only reason why (he) did this was because … (his) Play Station and iPhone (were taken)." [*Id.* at 30-32.] Appellant and [Victim's] mother provided the script for his videotaped statement and the voices of both adults can be heard in the actual video. Afterward Appellant and [Victim's] mother took [Victim] to reside with them. The video was shown to family who then believed [Victim] to be a liar. [Victim] subsequently posted a Facebook status indicating the video was untrue and his mother was "manipulating them … (to) turn them against (him)."

\* \* \*

[T]he third incident occurred when Appellant became upset over [Victim]'s Facebook post. When [Victim] had gone to bed, sleeping on the living room floor, Appellant came out of his bedroom yelling and shouting [and] then started stomping [on Victim's] left side, head, and neck area. Appellant stomped [on Victim] 15-20 times and was wearing Nike boots that were dark grey with blue stripes. Then Appellant took a "thick glass …alcohol bottle" and threw it, hitting the wall—just missing [Victim]'s head. The bottle didn't break.

Appellant ordered fourteen-year-old [Victim] to leave the home that night, barely allowing him to dress and without a coat. [Victim] testified Appellant "told me if I go to my cousin's house… he will kill me, and he'll damn sure kill them." *Id.* at 60-61. [Victim] left and went to his cousin's home anyway where his family took pictures of him, called

- 2 -

the police, and an ambulance. The photographs depicted [Victim]'s bruises from the incident. [Victim] was transported to the hospital for treatment and then the Police Special Victims Unit.

\*     \*     \*

The parties…stipulated to [Victim]'s certified medical records from St. Christopher's Hospital. The medical documentation indicated [Victim] presented with the following injuries: facial injury, bruising and swelling and two-centimeter linear contusion to right side of face; superficial abrasion to his right upper back; and contusion to right earlobe.

[Victim]'s mother…testified [that] Appellant is her husband and she has five children. [Victim's mother] testified [that] DHS was involved in her home because of [Victim]'s behavioral issues. She discussed prior incidents of [Victim]'s disobedience but indicated [that] he was never physically disciplined by Appellant…. On the night of the incident, she recalled [that] Appellant was upset over the Facebook post and [an altercation that had occurred at Victim's cousin's house when they went to pick Victim up].… [Victim's mother] further testified that she felt it was appropriate to use "a slight kick to wake a child up…like if you see a homeless person or something, and…slightly kick the homeless person to wake up so they can move." *Id.* at 148.

Appellant testified [that] he is married to [Victim's mother] and [has] always had trouble with [Victim]. [Appellant] denied physically assaulting [Victim] in either [the juice or hoagie] instance…. Appellant discussed the Facebook post and indicated [that] he was "super pissed" and was "going to kick him [Victim] out." *Id.* at 163…. Appellant testifie[d] as follows:

> He was asleep. I didn't kick him, kick him in a manner for him to be hurt, just enough for him to get the attention. It's an attention seeker... On his midsection, as I said in the SVU video. So, but at that particular point in time, he got jumpy because I just woke him up. He literally just went to sleep and I just

- 3 -

> woke him up. He's got his hands up and everything. So then I start yelling. He is sitting there all teary eyed ... because I hurt his feelings.... I threw the bottle at the wall. The bottle didn't break because it was a vodka Amsterdam bottle.
>
> ***Id.*** at 163-164.
>
> Appellant claimed [Victim]'s "only wound he had to his face was ... the three little scratch marks" which were self-inflicted because he doesn't cut his nails. [***Id.*** at 165-166.] [Appellant] confirmed that if he did not kick [Victim] out he would have killed him. Appellant then denied inflicting injuries on [Victim] at any time, threatening to hurt or kill him.

(Trial Court Opinion, filed 1/4/23, at 2-6) (some record citations omitted).

Following a bench trial, the court found Appellant guilty of all charges on October 23, 2020. The court deferred sentencing and ordered a pre-sentence investigation report ("PSI") and a mental health evaluation. On May 18, 2021, the court sentenced Appellant to an aggregate of three to six years of incarceration and five years of probation. Appellant filed a post-sentence motion on May 19, 2021, which was denied by operation of law on September 21, 2021. On May 16, 2022, Appellant filed a petition to reinstate his direct appeal rights *nunc pro tunc* and the court reinstated Appellant's direct appeal rights on August 22, 2022. Appellant filed a timely notice of appeal *nunc pro tunc* on September 19, 2022. On September 21, 2022, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant complied on October 21, 2022.

Appellant raises the following issues for our review:

Whether the evidence presented at trial established sufficient proof beyond a reasonable doubt as a matter of law for every element of the crimes for which Appellant was convicted.

Whether the sentencing court abused its discretion by imposing a sentence that was not based upon the gravity of the violation, the extent of Appellant's record, his prospect of rehabilitation, nor an assessment of the mitigating and aggravating factors as noted in 42 Pa.C.S. § 9721 of the Sentencing Code.

(Appellant's Brief at 7).

In his first issue, Appellant contends that the only evidence supporting his convictions was Victim's testimony, which was not credible because the evidence demonstrated that Victim is "an incorrigible child with history of deception." (*Id.* at 15). Specifically, Appellant asserts that Victim's testimony is unreliable because Victim admitted that he lied to his mother about where he was when he wrote the Facebook post. Appellant argues that Victim's testimony about the first two instances of physical violence was not supported with corroborating evidence such as medical records or police reports. Appellant contends that only the third instance of violence was substantiated with corroborating evidence, which "only supports a misdemeanor grading, as the Commonwealth failed to establish more than one incident of endangerment beyond a reasonable doubt." (*Id.*) Appellant concludes that the Commonwealth failed to provide sufficient evidence to support any of his convictions, and this Court should vacate his judgment of sentence. We disagree.

- 5 -

"In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." *Commonwealth v. Stiles*, 143 A.3d 968, 982 (Pa.Super. 2016), *appeal denied*, 640 Pa. 386, 163 A.3d 403 (2016) (quoting *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa.Super. 2013)). "Such specificity is of particular importance in cases where, as here, [Appellant] was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Commonwealth v. Ellison*, 213 A.3d 312, 321 (Pa.Super. 2019), *appeal denied*, 656 Pa. 205, 220 A.3d 531 (2019) (quoting *Stiles, supra* at 982). "Therefore, when an appellant's [Rule] 1925(b) statement fails to specify the element or elements upon which the evidence was insufficient[,] ... the sufficiency issue is waived on appeal." *Id.* (internal quotation marks omitted).

Instantly, Appellant's Rule 1925(b) statement presented his sufficiency challenge as follows:

> The evidence presented at trial was insufficient to sustain a conviction as a matter of law. No corroborating evidence, including physical evidence was presented at trial to support the conviction. The trial court erred by failing to grant a judgment of acquittal.

(Rule 1925(b) Statement, filed 10/21/22, at 1). In response to this boilerplate challenge, the trial court was left to guess the elements upon which Appellant based his claim. Because Appellant's Rule 1925(b) statement failed to specify

- 6 -

the element or elements upon which the evidence was insufficient, the claim is waived. **See Ellison, supra**; **Stiles, supra**.

Even if Appellant had properly preserved his claim, Appellant's issue would merit no relief. Appellant essentially asks this Court to reassess the credibility of Victim, and to reweigh the evidence presented in Appellant's favor. Nevertheless, the trial court found Victim's testimony to be credible and we are bound by the court's credibility determinations that are supported by the record. **See Commonwealth v. Jones**, 874 A.2d 108, 120-21 (Pa.Super. 2005) (explaining that in evaluating challenge to sufficiency of evidence, this Court may not weigh evidence and substitute our judgment for the factfinder). **See also Commonwealth v. Blackham,** 909 A.2d 315, 320 (Pa.Super. 2006) (stating: "It is not for this Court to overturn the credibility determinations of the fact-finder").

Additionally, there is no merit to Appellant's assertion that the evidence was insufficient based on a lack of corroborating evidence to support Victim's testimony. Victim's credible testimony alone is sufficient to sustain Appellant's convictions. **See Commonwealth v. Johnson**, 180 A.3d 474, 481 (Pa.Super. 2018), *appeal denied*, 651 Pa. 431, 205 A.3d 315 (2019) (rejecting claim that victim's testimony alone was insufficient evidence to sustain conviction; stating: "[T]he uncorroborated testimony of a single witness is sufficient to sustain a conviction for a criminal offense, so long as that testimony can address and, in fact, addresses, every element of the charged

crime"). Accordingly, Appellant's first issue is waived and affords him no relief in any event.[2]

In his second issue, Appellant claims that the court sentenced him to an aggravated range sentence without justification. Appellant contends the court failed to consider mitigating factors, "including his consistent and continued commitment to mental health treatment, his caring and nurturing relationship with his wife and other family members, and his remorse for the impact to [Victim] and his extended family." (Appellant's Brief at 17). Appellant asserts that the court only considered the nature of the offense and failed to consider Appellant's characteristics and rehabilitative needs. Appellant concludes the court abused its discretion in imposing an unreasonably excessive sentence, and this Court should vacate the judgment of sentence and remand for resentencing. We disagree.

As presented, Appellant's claim challenges the discretionary aspects of sentencing. *See Commonwealth v. Clarke*, 70 A.3d 1281 (Pa.Super. 2013), *appeal denied*, 624 Pa. 671, 85 A.3d 481 (2014) (stating contention that court focused solely on serious nature of crime without adequately considering protection of public or defendant's rehabilitative needs concerns court's

---

[2] To the extent that Appellant's sufficiency challenge as presented on appeal is more properly construed as a challenge to the weight of the evidence, that claim is also waived for failure to preserve it in his Rule 1925(b) statement. *See Commonwealth v. Bonnett*, 239 A.3d 1096 (Pa.Super. 2020), *appeal denied*, ___ Pa. ___, 250 A.3d 468 (2021) (reiterating well-settled law that issues not preserved in concise statement are waived for appellate review).

sentencing discretion); *Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (explaining claim that court did not consider mitigating factors challenges discretionary aspects of sentencing).

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009). Prior to reaching the merits of a discretionary aspects of sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (quoting *Commonwealth v. Hyland*, 875 A.2d 1175, 1183 (Pa.Super. 2005)).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of

the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." **Phillips, supra** at 112 (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Anderson**, 830 A.2d 1013, 1018 (Pa.Super. 2003). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa.Super. 2015) (*en banc*) (quoting **Commonwealth v. Prisk**, 13 A.3d 526, 533 (Pa.Super. 2011)).

"[A]n excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." **Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa.Super. 2014), *appeal denied*, 629 Pa. 636, 105 A.3d 736 (2014). **See also Commonwealth v. Trimble**, 615 A.2d 48 (Pa.Super. 1992) (holding defendant's claim that court failed to consider factors set forth under Section 9721(b) and focused solely

on seriousness of defendant's offense raised substantial question). A substantial question also exists where an appellant alleges the court imposed a sentence outside of the guidelines without sufficient reasons. *See Commonwealth v. Holiday*, 954 A.2d 6 (Pa.Super. 2008), *appeal denied*, 601 Pa. 694, 972 A.2d 520 (2009).

This Court reviews discretionary sentencing challenges based on the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, bias or ill-will.

*Commonwealth v. McNabb*, 819 A.2d 54, 55 (Pa.Super. 2003) (quoting *Commonwealth v. Hess*, 745 A.2d 29, 30-31 (Pa.Super. 2000)).

"[A] court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa.Super. 2002), *cert. denied*, 545 U.S. 1148, 125 S. Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id.* If the sentencing court has the benefit of a PSI report, the law presumes the court was aware of the relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors. *Commonwealth v. Tirado*, 870 A.2d 362

(Pa.Super. 2005).

When considering the propriety of imposing an aggravated range sentence, this Court has observed:

> [T]he guidelines were implemented to create greater consistency and rationality in sentencing. The guidelines accomplish the above purposes by providing a normal for comparison, *i.e.*, the standard range of punishment, for the panoply of crimes found in the crimes code and by providing a scale of progressively greater punishment as the gravity of the offense increases….
>
> The provision of a "norm" also strongly implies that deviation from the norm should be correlated with facts about the crime that also deviate from the norm for the offense, or facts relating to the offender's character or criminal history that deviates from the norm and must be regarded as not within the guidelines contemplation. Given this predicate, simply indicating that an offense is a serious, heinous or grave offense misplaces the proper focus. The focus should not be upon the seriousness, heinousness or egregiousness of the offense generally speaking, but, rather upon how the present case deviates from what might be regarded as a "typical" or "normal" case of the offense under consideration.
>
> An aggravated range sentence … will thus be justified to the extent that the individual circumstances of [an appellant's] case are atypical of the crime for which [he] was convicted, such that a more severe punishment is appropriate.

***Commonwealth v. Fullin***, 892 A.2d 843, 848 (Pa.Super. 2006) (internal citation omitted).

Instantly, Appellant raised his sentencing issue in a timely post-sentence motion, filed a timely notice of appeal *nunc pro tunc*, and included in his appellate brief a Rule 2119(f) statement. Further, Appellant's assertion that the sentence was manifestly excessive in conjunction with his claim that

- 12 -

the court failed to weigh his rehabilitative needs and/or consider mitigating factors raises a substantial question. *See Raven, supra*; *Trimble, supra*. Appellant's claim that the court failed to set forth adequate reasons for imposition of the aggravated range sentence also raises a substantial question for our review. *See Holiday, supra*. Accordingly, we proceed to address the merits of Appellant's sentencing claims.

Here, the court had the benefit of a PSI report, defense counsel's arguments, and statements from Appellant and Victim's mother at sentencing. Thus, we can presume that the court was fully aware of and considered mitigating factors such as Appellant's history of mental health struggles, his willingness to seek treatment, and his alleged close relationship with his wife and children. *See Tirado, supra*. Further, contrary to Appellant's assertion, the court provided an on-the-record statement of reasons why it imposed a sentence in the aggravated range of the sentencing guidelines. The court noted Appellant's history of domestic violence and the severe and prolonged impact Appellant's actions had on the young victim as reasons justifying imposition of an aggravated range sentence. Further, the court did not find Appellant's expression of remorse to be adequate or sincere where Appellant continued to blame Victim for his actions. To address Appellant's rehabilitative needs, the court ordered Appellant to complete anger management classes, parenting classes, and a mental health evaluation for dual diagnosis treatment as recommended in the PSI report. The record demonstrates that the court

properly considered Appellant's history and rehabilitative needs and explained its rationale for fashioning the sentence it imposed. As such, we discern no abuse of discretion in court's determination that a sentence in the aggravated range was appropriate. **See Fullin, supra**; **McNabb, supra**. Accordingly, Appellant is not entitled to relief, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.



Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/26/2023